■ In the Matter of SIN HANG LEE, Appellant, v RICHARD L. HIGGINS, as Commissioner of the New York State Division of Housing and Community Renewal, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Division of Housing and Community Renewal, dated September 29, 1989, which reduced the rent on the petitioner landlord's apartments upon finding a decrease in services, the petitioner appeals from a judgment of the Supreme Court, Queens County (Di Tucci, J.), dated July 12, 1990, which, *inter alia,* dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs payable by the respondent New York State Division of Housing and Community Renewal, the petition is granted, the determination is annulled, and the tenants' complaint is dismissed.

On March 23, 1986, 26 of the tenants residing at the petitioner's building (which contained a total of 81 apartments) filed a complaint in duplicate with the respondent Division of Housing and Community Renewal (hereinafter the DHCR) alleging inadequate hot water and heat from October 1, 1985, to the date of the complaint. The DHCR inexplicably treated the filing as two separate complaints. In July 1986 the DHCR denied the "first" complaint, finding, after a physical inspection, that there was adequate hot water. On October 7, 1986, a DHCR representative again inspected the premises and found that four tenants had adequate hot water and nine other tenants reported adequate hot water, but denied access to their apartments. On November 18, 1986, and December 4, 1986, an inspector conducted two more inspections of 13 apartments. In a consolidated report, the inspector found that 12 apartments had adequate heat, with temperatures ranging from 68 degrees to 80 degrees Fahrenheit. However, the report contained two entries for apartment 4J. The initial entry indicating a temperature of 74 degrees was replaced with another entry showing a temperature of 67 degrees, one degree lower than required. In addition, the inspector found

that the hot water in the 13 apartments ranged between 2 degrees and 12 degrees below the required 120 degrees. Although the inspector reported the "heating equipment appears to be functioning", he did not state whether he followed DHCR's inspection procedures, or otherwise explain why the heat was generally adequate while the hot water was not, when both the hot water and heat were provided by the same boiler. Based on this report, on December 29, 1986, the DHCR directed a reduction of the rents of the 26 apartments.

After his petition for administrative review went unanswered, the petitioner commenced the first of three proceedings pursuant to CPLR article 78. The first proceeding resulted in the matter being remitted to the DHCR, upon its request, for further consideration. When the DHCR subsequently affirmed the determination dated December 29, 1986, the petitioner commenced a second proceeding, which resulted in the matter being remitted to the DHCR yet again. As part of the second proceeding, the petitioner submitted a transcript of testimony by his plumbing expert given in a related proceeding brought by the New York City Department of Housing Preservation and Development in the Civil Court of the City of New York, Queens County. The plumbing expert disclosed that the heat and hot water were provided by the same boiler, that it was impossible to have heat without hot water, and that the temperature of the hot water is controlled by a mixing valve so that the tenants would not be scalded by overly-hot water. In the Civil Court proceeding, it had been determined that the petitioner was providing adequate heat and hot water.

Ultimately, the DHCR, in the determination under review, affirmed the determination dated December 29, 1986, without further inspections, and the instant proceeding was commenced. Despite the evidence submitted by the petitioner indicating that he was providing sufficient heat and hot water, the Supreme Court dismissed the instant proceeding. We reverse.

In reviewing the determination by the DHCR to reduce rent, we must determine whether the action was arbitrary and capricious (see, Matter of Pell v Board of Educ., 34 NY2d 222, 231; Matter of Aguayo v New York State Div. of Hous. & Community Renewal, 150 AD2d 565; Matter of 230 East 52nd St. Assocs. v State Div. of Hous. & Community Renewal, 131 AD2d 349). Here, the report underlying the DHCR's decision to reduce rent is facially deficient. The report does not disclose whether the inspector followed the procedures required by the

inspection manual, including, *inter alia,* checking for open windows, taking readings in the center of the rooms, or seeing whether the radiator valve was in the "on" position. Nor does the report reveal how long the inspector allowed the water to run before taking temperature readings. Moreover, the inspector found that 12 of 13 apartments had adequate heat and that the "heating equipment appears to be functioning". No explanation was offered why the heating was inadequate by only one degree in only one apartment, a deficiency which was clearly de minimis. These discrepancies were not addressed in the affidavit offered by the inspector's supervisor, who had no personal knowledge of the inspections. Nor was any affidavit submitted by the inspector, who reportedly had left the DHCR by the time of this proceeding. Thus, the DHCR never rebutted the proof submitted by the petitioner that he was providing adequate heat and that it was impossible to have heat without hot water. Under these circumstances, we find that the reduction of rent was without a rational basis *(see, Matter of Pell v Board of Educ., supra; Matter of Aguayo v New York State Div. of Hous. & Community Renewal, supra).* [As amended by order dated Oct. 15, 1992.] Bracken, J. P., Sullivan, Balletta and Lawrence, JJ., concur.