■ In the Matter of RUDIN MANAGEMENT COMPANY, INC., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and 945 FIFTH AVENUE TENANTS ASSOCIATION, Intervenor-Respondent. [626 NYS2d 487] —Order and judgment (one paper) Supreme Court, New York County (Herman Cahn, J.), entered May 6, 1994, denying petitioner's application to annul respondent's determination disallowing a major capital improvement ("MCI") rent increase and dismissing the proceeding, unanimously affirmed, without costs. Appeal from the order of the same court and Justice entered October 24, 1994 denying petitioner's motion for reargument unanimously dismissed as non-appealable, without costs.

In order to qualify for an MCI rent increase, the improvement must both inure directly or indirectly to the benefit of all tenants in the building as well as include the same work performed on all similar components of the building (9 NYCRR 2522.4). Here, petitioner seeks an MCI rent increase based on total replacement of the 20th floor masonry parapet. Respondent has denied this request because the 20th floor parapet is not the only parapet in the building and accordingly may not qualify as a building-wide improvement pursuant to the Rent Stabilization Code *(see, Matter of Simkowitz v New York State Div. of Hous. & Community Renewal,* Sup Ct, NY County, Mar. 22, 1991, Nardelli, J., index No. 25251/8, *affd* 179 AD2d 477). Great deference is paid to the agency's interpretation of its own regulations and since a court may not substitute its judgment for that of the agency but is relegated to a scope of review as to whether a rational basis exists to support the agency's determination. We affirm the order and judgment dismissing the petition herein. Additionally, we reject petitioner's contention that the Commissioner, on the administrative review, relied on a theory not advanced by the parties. The record demonstrates that at all times the question whether the 20th floor parapet work benefitted all tenants and constituted work on all similar components was an issue. Indeed, the section of the Code relied on by peti-

tioner to obtain the MCI increase contains the specific criteria which petitioner now claims as surprise.

We have considered petitioner's other contentions and find them to be without merit. Concur—Ross, J. P., Nardelli, Tom and Mazzarelli, JJ.