■ In the Matter of CHELRAE ESTATES, INC., Respondent, v STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Appellant. [638 NYS2d 950]

The subject building owned by the petitioner is a five story structure located at 213-215 West 18th Street in Manhattan containing 40 studio apartments, some of which are rent controlled and others rent stabilized. In May 1986, the petitioner filed an application for a major capital improvement (MCI) rent increase based upon the installation of plumbing and restoration of tiles and walls at a net cost of $69,550. On or about April 13, 1987, a complaint was filed by a tenant in the building alleging failure to maintain various services. Included in the complaint were allegations that the incinerator rooms had been sealed, there were cracks and leaks in the area around apartments 5A and 5B, the entrance door lock was inoperative, there was debris on the sidewalks and gutters and that the public areas of the building were not swept and mopped. Petitioner's agent answered and asserted that the halls had been repaired and painted, a boiler installed, and new lock

installed on the entrance door, and that petitioner had set aside a basement room exclusively for garbage collection. An inspection of the premises was conducted by the Division of Housing and Community Renewal on July 8, 1987 and verified the lack of services specified in the complaint.

By order dated November 10, 1987, the District Rent Administrator reduced the rent for various apartments in the subject building based on the conditions found on the July 8, 1987 inspection relating to the failure to keep the public areas of the building clean, the inoperative entrance door lock, the sealing of the incinerator rooms, the leaks and the accumulated debris on the sidewalks and in the gutters. The order also directed that the above conditions be corrected within 30 days. Petitioner filed a Petition for Administrative Review (PAR) on November 17, 1987. During the pendency of that PAR proceeding the petitioner's application for and MCI rent increase filed in May 1986 was granted by order dated March 15, 1988. Four tenants filed PARs challenging the rent increase.

By order dated December 20, 1991, the Deputy Commissioner denied the petitioner's PAR seeking review of the rent reduction based upon the failure to maintain services directed by the November 10, 1987 order of the District Rent Administrator. The denial was based upon the inspection report of July 8, 1987. By order dated June 18, 1993, the Deputy Commissioner partially granted the PARs filed by the tenants challenging the MCI increase granted on March 15, 1988, suspended the MCI increases from their effective date until an order is issued finding that the conditions cited in the November 10, 1987 order were ameliorated and ordered that the landlord refund any arrears accrued as a result of the order granting the increases. It was also provided that when the offending conditions were rectified and the appropriate order issued, the MCI increases would be restored prospectively. Petitioner, in this CPLR article 78 proceeding, challenged both the December 20, 1991 and June 18, 1993 orders issued by the respondent. In the judgment appealed, the court found that the lack of timely notification to petitioner of the December 20, 1991 order provided sufficient basis to vacate the June 18, 1993 order, which the court concluded was based upon the prior order.

It is not disputed that due to a recording error resulting in respondent's failure to properly record the petitioner's change of address, petitioner did not receive timely notification of the December 20, 1991 order. However, it is clear that the petitioner was not prejudiced thereby since respondent, in apparent recognition of the error, never interposed a Statute of

Limitations defense or otherwise sought to bar the review of the merits of the challenge to that order. In addition, it is evident that petitioner had been aware that the rent had been reduced as a result of the November 10, 1987 order and was never precluded from filing a rent restoration application.

It is well settled that judicial review in an article 78 proceeding is limited to a determination of whether the administrative action complained of is arbitrary and capricious or lacks a rational basis (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-231) and that issues of fact are to be determined by the administrative agency (*Oriental Blvd. Co. v New York City Conciliation & Appeals Bd.*, 92 AD2d 470, *affd* 60 NY2d 633). It has also been held that the question of what constitutes required services presents a factual issue which is to be determined by the respondent administrative agency (*Fresh Meadows Assocs. v Conciliation & Appeals Bd.*, 88 Misc 2d 1003, *affd* 55 AD2d 559, *affd for reasons stated at Special Term* 42 NY2d 925).

The record demonstrates that the December 20, 1991 order was rationally based upon evidence presented to the District Rent Administrator showing that the alleged failures were present when the respondent's agent inspected the premises. While the petitioner claims that the elimination of the incinerator was undertaken pursuant to a 1971 order issued by the City, the issue before the respondent was the 1985 sealing of the incinerator rooms and imposition of the requirement that tenants themselves transport their trash down to a basement room set aside for garbage collection. Respondent has submitted sufficient proof to show that it has been its policy to require floor-by-floor or door-to-door pickup of garbage where incinerator service has been discontinued without substitution of another method of collection utilizing the incinerator rooms and chutes such as a trash compactor.

Therefore, given that the December 20, 1991 order was not irrational nor arbitrary and capricious, the June 18, 1993 order suspending the MCI rent increases based upon the findings in the December 20, 1991 order, should not have been vacated. The lack of timely notification of the December 20, 1991 order under the circumstances herein, did not prevent review of the December 20, 1991 order on the merits and therefore did not prejudice the petitioner. Moreover, petitioner at all times could have and still may submit proof of the restoration of required services and obtain the desired rent increases.

We have reviewed the remaining arguments advanced by petitioner and find them to be meritless. Concur—Milonas, J. P., Wallach, Ross and Mazzarelli, JJ.