■ In the Matter of GRENADIER REALTY CORP., Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Respondent, and GARY S. LUTZKER, Intervenor-Respondent. [639 NYS2d 367] ■

---

Intervenor-respondent Gary S. Lutzker, together with another tenant at Grenadier's rent-stabilized building at 301 West 53rd Street in Manhattan, filed a complaint of a decrease in building-wide services in October 1984. Among the decreases claimed were reductions in laundry room hours from 24 to 18 hours per day; reduction in playground hours; and curtailment of access by messengers to apartments in the building. In its answer, Grenadier conceded that it had curtailed the hours of the laundry room and playground as well as messenger access for reasons of security, conservation, and insurance. In November 1985, the district rent administrator issued an order directing Grenadier to restore those services to their previous levels, but awarding no reduction in rent. Grenadier and Lutzker each filed petitions for administrative review which, following a ninety-day period without determination by the Division, were deemed denied. Upon Grenadier and Lutzker's petition for review of this denial, the Supreme Court issued an order in September 1986 vacating the denials and remanding to the district rent administrator for findings with respect to the appropriateness of rent reductions on the basis of the change in services. The Supreme Court noted that Grenadier's petition was "premature" at that time, because "no determination directing reduction of rent or restricting future rent increases ha[d] been rendered." On remand, in September 1988, the district rent administrator reconsidered and revoked the November 1985 order, and held that the curtailment of hours of availability of the laundry room and playground did not constitute a diminution of service and did not warrant a rent reduction. Lutzker petitioned for administrative review of this order by the Division. Six years later, in September 1994, the Commissioner of Housing and Community Renewal granted the petition and ordered a retroactive rent reduction "equal to the most recent guidelines adjustment for the tenant's lease commencing prior to February 1, 1989." The Commissioner determined that the district rent administrator had erred in viewing the court's September 1986 order as an opportunity to reopen the issue of service reduction; instead, the Commissioner deemed that order as a direction to impose a rent reduc-

tion based on the finding that services had been reduced. According to respondent Lutzker, that retroactive reduction will result to an award to him of rent overpayments in excess of $40,000, and reduction of the future rent on his apartment by approximately $650 per month.

Grenadier subsequently commenced this proceeding to review the Commissioner's determination, arguing that the reductions in services did not occur and that the Commissioner's September 1994 order was arbitrary and capricious. In April 1995, the Supreme Court dismissed the petition, holding that it was bound by the factual findings of the Division as to whether a required service had been reduced on the property.

We reverse, grant the petition and annul the Division's determination. In our view, the alleged changes in building services here at issue—curtailment of operation of a laundry room to 18 hours per day, reduction of playground hours to 10 hours per day, and limiting the freedom of messengers to roam the building—cannot rationally be viewed as a failure to maintain required services necessitating rental adjustment pursuant to the Rent Stabilization Code. Initially, we are unpersuaded that the practice of permitting unconstrained access to the building by messengers may rationally be treated as a "service" provided by the building owner. Moreover, there is no indication in the record that the reduction of laundry room and playground hours for safety purposes in this case led to any meaningful infringement on the ability of building residents to enjoy those rooms and services. (We note in passing that Lutzger is childless.) Under these factual circumstances, the Division's finding that the changes at issue here constituted a failure to maintain required services and its award of more than $40,000 in purported rental overpayments to respondent Lutzker are unsupported and contrary to reason. Concur—Murphy, P. J., Sullivan, Ellerin and Ross, JJ.