■ In the Matter of IRWIN POLISHOOK et al., Respondents, v CITY UNIVERSITY OF NEW YORK et al., Appellants, and JOHN M. AMODA et al., Intervenors-Respondents. [651 NYS2d 459] —Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered May 9, 1996, which granted the petition to the extent of vacating the Resolutions of respondent Board of Trustees of the City University of New York (CUNY) dated June 26, 1995, and remanding the matter to the Board with directions to readdress certain issues, is unanimously modified, on the law and the facts, and the petition is granted only to the extent that item 27, which reduces the required credits for a baccalaureate degree from 128 to 120, and for an associates degree from 64 to 60, is found to be arbitrary and capricious and is vacated, and the petition is otherwise denied and the order is otherwise affirmed, without costs.

It is well-settled that an administrative action is arbitrary and capricious when it lacks a sound basis in reason and is made without regard to the facts (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 232; *Matter of Doerrbecker v Saunders*, 229 AD2d 490; *Matter of Chelrae Estates v State Div. of Hous. & Community Renewal*, 225 AD2d 387).

In the matter at bar, the Guidelines and By-Laws of CUNY do not require the Board of Trustees to make an independent inquiry into specific retrenchment decisions and, contrary to the contentions of petitioners and the intervenors, as well as

the findings of the IAS Court, the Board of Trustees did not delegate its authority to the Chancellor by failing to properly make a determination of financial exigency in June 1995. Instead, it examined CUNY's financial situation at the Long Range Planning Committee, through public hearings, and at the June 26, 1995 Board of Trustees meetings.

With regard to the Board of Trustees' declaration of a continued financial exigency in June 1995, and the subsequent faculty terminations and budgetary cuts, it has been held that where there is a showing that the administrative body, in exercising its judgment, acts from honest convictions and in good faith, based upon facts and circumstances which it believes are in the school's best interests, and there is no showing that the acts " 'were arbitrary or generated by ill will, fraud, collusion or such other motives, it is not the province of a court to interfere and substitute its judgment for that of the administrative body' " (*Klein v Board of Higher Educ.*, 434 F Supp 1113, 1118; *see also, Texas Faculty Assn. v University of Tex.*, 946 F2d 379 [5th Cir 1991]; *Matter of Straight v State Univ.*, 150 Misc 2d 1058).

As noted by two commentators: "Allowing courts or faculty members to second guess the response of university administration to a bona fide financial crisis would serve to protect neither the financial stability of the institution nor the academic freedom of the faculty. The summary question must be one of causation and motive; if the institution's decision to terminate a tenured faculty member was caused by financial exigency and the university has no other improper motive for the termination, then the question of whether the termination was the best response under the circumstances is a purely administrative one." (Bolger & Wilmoth, *Dismissal of Tenured Faculty Members for Reasons of Financial Exigency*, 65 Marq L Rev 347, 355-356, n 35 [1982]; *see also, Refai v Central Wash. Univ.*, 49 Wash App 1, 742 P2d 137.)

In the matter herein, the record reveals that the Board of Trustees acted in good faith in declaring the continued existence of a financial exigency in June 1995, and in determining that the implementation of various programs, to which petitioners take exception, was crucial to the quality of a CUNY education and, thus, the university's long term success. Further, the record does not support petitioners' contention that millions of dollars were spent for unnecessary security guards and, contrary to petitioners' arguments, the By-Laws do not require the Board of Trustees to consult with the senior college faculties prior to implementing the Long Range Plan-

ning Resolutions as the Board of Trustees is charged with "govern[ing] and administer[ing] the city university" (Education Law § 6204 [1]).

We do not, however, perceive a rational basis for Long Term Initiative 27, which, in our view, unnecessarily reduces the number of credits required for a degree, and lowers the value of a CUNY diploma, a result which would certainly affect not only the students and faculty members, but also the school's standing and its long term success.

Petitioners' motion for an order of contempt is denied. Concur—Kupferman, J. P., Nardelli, Tom and Mazzarelli, JJ.