■ In the Matter of MUTUAL REDEVELOPMENT HOUSES, INC., Respondent, v NEW YORK CITY WATER BOARD et al., Appel-

lants. [720 NYS2d 7] —Order, Supreme Court, New York County (Paula Omansky, J.), entered June 15, 1999, which granted petitioner's application pursuant to CPLR article 78, to the extent of holding that petitioner is entitled to the benefit of the two-year back-billing limitation contained in part V, § 3 (A) of the 1997 Rate Schedule, and remanded the proceeding to respondent Department of Environmental Protection for recalculation in accordance with that provision, unanimously affirmed, without costs.

Although the interpretation of regulations made by the agency responsible for their administration is generally to be accorded deference, an agency is not thereby freed of the obligation to read those regulations reasonably and rationally (*see, Matter of Howard v Wyman*, 28 NY2d 434). Respondent Department of Environmental Protection's interpretation of "unbilled service[s]," as that term was used in the version of respondent Water Board's two-year back-billing limitation regulation applicable to the present dispute, i.e., the version in effect prior to the amendment of the aforesaid back-billing limitation regulation in 1998, was unreasonable since it was irreconcilable with the plain meaning of the governing regulation. This regulation simply provided, in relevant part, that "no bill for previously unbilled service * * * shall be made after the expiration of twenty-four months from the time service to which the bill * * * pertains was provided." Nowhere in this regulation do we find support for respondents' curious contention that service for which a customer had not been billed for over two years might nonetheless remain billable because the service had been previously billed to the wrong party. Such restriction of the regulation's evidently intended protective scope required and eventually was accomplished through promulgation of a new, prospectively applicable regulation; it was not properly achieved by means of a retroactively applicable agency gloss. Concur—Tom, J. P., Mazzarelli, Andrias, Ellerin and Lerner, JJ.