RED APPLE CHILD DEVELOPMENT CENTER, Respondent, and RED APPLE CHILD DEVELOPMENT CENTER PARENTS ASSOCIATION, Intervenor-Respondent, v CHANCELLOR'S BOARD OF REVIEW et al., Appellants. [762 NYS2d 805] —Order and judgment (one paper), Supreme Court, New York County (Louis York, J.), entered November 25, 2002, which, inter alia, granted the petition of petitioner-respondent Red Apple Child Development Center (Red Apple) pursuant to CPLR article 78 seeking a review of the Chancellor's Board of Review's rejection of Red Apple's response to a request for proposals for universal pre-kindergarten education by Community School Districts 24 and 28, and directed that Red Apple's submission be considered on the merits, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed.

In the context of a CPLR article 78 proceeding, it is well settled that judicial review is limited to a determination of whether the administrative action is arbitrary and capricious or lacks a rational basis (*see Matter of Mutual Redevelopment Houses v New York City Water Bd.*, 279 AD2d 300 [2001]; *Matter of Chelrae Estates v State Div. of Hous. & Community Renewal*, 225 AD2d 387 [1996]; *Matter of Rudin Mgt. Co. v New York State Div. of Hous. & Community Renewal*, 215 AD2d 243 [1995]). Where such a rational basis exists, an administrative agency's construction and interpretation of its own regulations and of the statute under which it functions are entitled to great deference (*see Salvati v Eimicke*, 72 NY2d 784, 791 [1988]; *Matter of Tommy & Tina v Department of Consumer Affairs*, 95 AD2d 724 [1983], *affd* 62 NY2d 671 [1984]). Furthermore, a municipality awarding contracts pursuant to competitive bidding has the discretion to reject bids for noncompliance with its competitive bidding requirements (*see Matter of P & C Giampilis Constr. Corp. v Diamond*, 210 AD2d 64, 66 [1994]).

Here, the determination of the Board and the Community School Districts to reject Red Apple's responses to the request for proposals as untimely was neither arbitrary or capricious nor did it lack a rational basis. There can be no dispute that the issue of timeliness is essential given both the unique demands of the cyclical nature of the school year and the goal

of treating all those submitting bids fairly and equally (*see* 8 NYCRR 151-1.9). Inasmuch as Red Apple has failed to proffer any cognizable explanation for its delay in submitting its applications, the rational determination of the Community School Districts should be upheld. Concur—Nardelli, J.P., Mazzarelli, Friedman and Marlow, JJ.