(January 13, 2004)

■ In the Matter of MOHAMMAD ARIF et al., Respondents, v NEW YORK CITY TAXI AND LIMOUSINE COMMISSION, Appellant. [770 NYS2d 344]—

Order, Supreme Court, New York County (James Yates, J.), entered July 18, 2002, which granted the application pursuant to CPLR article 78, vacated petitioners' respective license revocations and remanded the matter to respondent agency for appropriate disciplinary proceedings under the New York City Administrative Code, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed.

In a highly publicized effort to deter New York City's fleet of licensed taxicab drivers from improperly refusing service to prospective passengers, respondent Taxi and Limousine Commission (TLC) has promulgated various rules and regulations prohibiting such practices and has sought to penalize any taxicab driver found to have improperly refused service. Following numerous complaints indicating pervasive noncompliance with the prohibition against such service refusals, TLC has actively imposed stern penalties under its rules and regulations upon many taxicab drivers, including petitioners, who challenged the revocation of their respective licenses by TLC on the ground that they acted against the best interests of the public by improperly refusing service to undercover law enforcement agents.

Under TLC's promulgated rules and regulations, such service refusals are punishable by a mandatory fine for a first offense (35 RCNY 2-87 [a] [1]). Furthermore, the licenses of taxicab drivers may be revoked upon a finding that these service refusals were "against the best interests of the public" under 35 RCNY 2-61 (a) (2), which provides that "[a] driver, while performing his duties and responsibilities as a taxicab driver, shall not commit or attempt to commit, alone or in concert with another, any willful act of omission or commission which is against the best interests of the public, although not specifically mentioned in these Rules."

In the context of a CPLR article 78 proceeding, it is well settled that judicial review is limited to a determination of whether the administrative action was arbitrary and capricious or lacks a rational basis (*see Matter of Mutual Redevelopment Houses v New York City Water Bd.*, 279 AD2d 300 [2001]; *Matter of Chelrae Estates v State Div. of Hous. & Community Renewal*, 225 AD2d 387 [1996]; *Matter of Rudin Mgt. Co. v New York State Div. of Hous. & Community Renewal*, 215 AD2d 243 [1995]). Where such a rational basis exists, an administrative agency's construction and interpretation of its own regulations and of the statute under which it functions are entitled to great deference (*see Matter of Salvati v Eimicke*, 72 NY2d 784, 791 [1988]; *Matter of Tommy & Tina v Department of Consumer Affairs*, 95 AD2d 724 [1983], *affd* 62 NY2d 671 [1984]).

In the instant matter, the determination of TLC to revoke licenses for first-time service refusals as being conduct adverse to the public interest as enunciated in section 2-61 (a) (2) was neither arbitrary or capricious, nor did it lack a rational basis. There can be no dispute that any unjustified service refusals by licensed taxicab drivers threaten the best interests of the public since such refusals not only perpetuate the insidious problem of discrimination, but also adversely impact a vital and integral component of the transportation system of New York City.

In any event, we find no basis to conclude that the "best interests of the public" standard enunciated in TLC's section 2-61 (a) (2) is inconsistent with Administrative Code of City of New York § 19-512.1 (a), which authorizes the TLC to revoke a license "for good cause shown relating to a threat to the public health[ ] or safety." Nor do we find any indication that the City Counsel ever intended to repeal, or limit the applicability of, Administrative Code § 19-505 (*l*), which provides that the TLC may, after a hearing, suspend or revoke any driver's license for failure to comply with any provision of the Administrative Code or TLC's rules.

We have considered the petitioners' remaining contentions and find them without merit. Concur—Buckley, P.J., Nardelli, Mazzarelli, Ellerin and Lerner, JJ. [*See* 2002 NY Slip Op 50266 (U).]