OPINION OF THE COURT
Nicholas Figueroa, J.
Petitioner seeks a judgment under CPLR article 78 reversing and annulling respondent’s March 15, 2005 final determination denying his application to compel his landlord to add his domestic partner’s name to his lease.
Petitioner, a rent-stabilized tenant, contends that his domestic partner must be added to the lease because Rent Stabilization Code (9 NYCRR) § 2522.5 (g) (1) obligates a landlord, upon request, to add a “spouse, whether husband or wife” to the lease as a tenant. Petitioner argues that a domestic partner is entitled to the same right.
Respondent cross-moves to dismiss the petition on the ground that it fails to state a claim upon which relief can be granted (CPLR 3211 [a] [7]).
The cross motion is granted, the petition is denied and the proceeding is dismissed. Petitioner fails to show that respondent acted arbitrarily, capriciously or contrary to law. Therefore, he fails to state a cause of action.
Petitioner moved into his apartment in 1991; his domestic partner Gregg Hanson moved into the apartment in 1993. Petitioner and Hanson registered with the City of New York as domestic partners. They possess a certificate of domestic partnership. There is no dispute that petitioner and Hanson are emotionally and financially dependent on each other. They have a joint credit card and bank accounts, share expenses and are beneficiaries of each other’s life insurance policies.
Although petitioner alleges that Hanson signed his 2001 renewal lease, petitioner has not submitted a copy of it. It is not present in the return that respondent submitted in compliance with CPLR 7804 (e). In any event, petitioner does not argue that the 2001 lease constitutes a ground for reversal and annulment.
Respondent’s deputy commissioner, in his order and opinion denying the petition for administrative review, found that, even if an unmarried couple possesses a certificate of domestic partnership, they are not spouses under Rent Stabilization Code § 2522.5 (g) (1). Therefore, petitioner did not have a right to add his partner’s name to the lease. However, respondent held *1078 that the domestic partner Hanson, at the appropriate time, could establish succession rights to the apartment as a family member under Rent Stabilization Code § 2523.5 (b) (1).
Petitioner argues that domestic partners are entitled to the same rights that spouses have under the Rent Stabilization Code. He relies on two appellate cases, Braschi v Stahl Assoc. Co. (74 NY2d 201 [1989]) and East 10th St. Assoc. v Estate of Goldstein (154 AD2d 142 [1990]), and on two unreported Civil Court cases, Mandell v Cummins (2001 NY Slip Op 40103[U]) and Knafo v Ching (NYLJ, Dec. 6, 2000, at 28, col 2). He also argues that under the rules of statutory construction requiring all parts of a statute to be construed together (McKinney’s Cons Laws of NY, Book 1, Statutes § 97), a spouse must include a life partner.
Petitioner contends that a tenant has rights superior to those of a person solely entitled to succession rights, such as the right to a renewal lease, and the due process right to be named as a party in all proceedings affecting the apartment “and the avoidance of an emotionally and financially draining succession rights case.” Respondent’s determination, according to petitioner, deprives him of those rights.
Petitioner further argues that respondent’s determination also constitutes a depravation of due process of law under the United States Constitution and violates Executive Law § 296 (5) (a) by refusing to rent or lease a housing accommodation because of sexual orientation. Petitioner argues that the New York City Human Rights Law also contains the same prohibition against housing discrimination based on sexual orientation (Administrative Code of City of NY § 8-107 [5]).
Respondent’s answer is that the New York City Administrative Code provision providing for a certificate of domestic partnership registration only gives a domestic partner the same rights of a family member to succeed to a tenancy (Administrative Code § 3-244 [e]). Similarly, Braschi v Stahl Assoc. Co. only deals with succession rights and does not give joint tenancy rights to domestic partners. It argues that it has not deprived petitioner of any constitutional rights or otherwise subjected him to unlawful disparate treatment.
The standard of review is: Was respondent’s decision arbitrary and capricious? (See Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974].) The court must determine whether the decision is rational (id.). If it is, the *1079 court’s function ends (see Matter of Plaza Mgt. Co. v City Rent Agency, 48 AD2d 129, 131 [1975], affd 37 NY2d 837 [1975]). Moreover, a reviewing court must give great deference to an agency’s interpretation of its own regulations and may not substitute its judgment for the agency’s (Matter of Rudin Mgt. Co. v New York State Div. of Hous.& Community Renewal, 215 AD2d 243 [1995]).
Respondent’s decision is correct under the standard of review as it is a rational interpretation of Rent Stabilization Code § 2522.5 (g) (1) and does not violate New York law.
New York gives greater rights to married couples than to persons in other types of relationships. The First Department, in Hernandez v Robles (26 AD3d 98 [2005]), held that New York City could not be compelled to issue a marriage license to same-sex couples, as New York’s disparate treatment of heterosexual and same-sex couples did not violate the due process or equal protection provisions of the New York Constitution (NY Const, art I, §§ 6, 11). The Appellate Division held that a same-sex couple did not have a fundamental right to a marriage license (26 AD3d 98, 105) and that the state has a rational basis for treating married couples differently from same-sex couples. The Court reasoned that “society and government have reasonable, important interests in encouraging heterosexual couples to accept the recognition and regulation of marriage.” (Id. at 104-105.)
Respondent may rationally and lawfully treat petitioner and his partner differently than a married couple seeking joint tenancy rights. Respondent’s regulation does not constitute an unlawful discrimination against a same-sex couple any more than denying that couple a marriage license. The regulation does not interfere with the petitioner’s right to reside with his partner in the apartment they have been sharing.
Moreover, the regulation and respondent’s decision give petitioner’s partner the right to succeed to the tenancy as a family member. The law does not require respondent to give petitioner and his partner the additional right of a joint tenancy (see Braschi v Stahl Assoc. Co.; East 10th St. Assoc. v Estate of Goldstein).
There is no merit to petitioner’s argument that when all parts of Rent Stabilization Code § 2522.5 (g) (1) are read together, the word spouse must include a domestic partner. This conclusion is based on petitioner’s incorrect interpretation of Braschi v Stahl Assoc. Co. and East 10th St. Assoc. v Estate of Goldstein. Nei *1080 ther of those cases, as noted, treat a domestic partner as a spouse who must be added to a lease.
Nor is there any merit to petitioner’s argument that because two Civil Court cases held that “spouse” includes a domestic partner, that is the equivalent of “a judicial interpretation of a statute [that] is binding on subsequent courts as if incorporated into the statute itself.” This court is not bound either by Civil Court rulings or by holdings by courts of coordinate jurisdiction (see Mountain View Coach Lines v Storms, 102 AD2d 663 [1984]). Rather, this court is only bound by appellate court holdings (Mountain View Coach Lines v Storms). The First Department decision in Hernandez v Robles is binding authority that is contrary to petitioner’s argument.
Executive Law § 296 (5) (a) does not mandate the relief petitioner seeks. The statute prohibits a landlord from denying housing to a person because of his or her sexual orientation. Respondent’s decision, as noted, does not deprive petitioner and his partner of housing. The New York City Human Rights Law (Administrative Code § 8-107 [5] [a]) similarly prohibits discrimination in the sale or rental of a housing accommodation. Again, petitioner is not being discriminated against; rather, his partner is being given the succession right he is entitled to as a domestic partner under Administrative Code § 3-244 (e).
Accordingly, it is ordered that the cross motion to dismiss the petition is granted, and it is further adjudged that the proceeding is dismissed.