In the Matter of 333 EAST 49TH ASSOCIATES, LP, et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, OFFICE OF RENT ADMINISTRATION, Respondent. [837 NYS2d 63]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered September 23, 2005, which denied the petition to annul respondent's order for a rent reduction on the ground of a reduction in services, affirmed, without costs.

The determination that petitioners' failure to keep six compactor rooms clean constituted a failure to maintain janitorial services had a rational basis in the record. The administrative agency charged with enforcing a statutory mandate has broad discretion in evaluating pertinent factual data and inferences to be drawn therefrom, and its interpretation will be upheld so long as not irrational or unreasonable (*see Matter of Wembly Mgt. Co. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 205 AD2d 319 [1994], *lv denied* 85 NY2d 808 [1995]). Reduction in services is a matter to be determined by the administrative agency (*see Matter of ANF Co. v Division of Hous. & Community Renewal*, 176 AD2d 518, 520 [1991]). In this instance, that determination was based on evidence submitted in the record, and was not contrary to reason.

Respondent properly relied upon the reports of two inspections conducted five months apart in response to tenant complaints that the "compactor rooms are not maintained, are filthy and are infested with mice" (*see Matter of Melohn v New York State Div. of Hous. & Community Renewal*, 234 AD2d 23, 24 [1996]). The first, conducted on September 23, 2003, while finding no evidence of vermin droppings in the compactor rooms building-wide, did find "debris in all compactor rooms bldg-wide." The second, on February 23, 2004, found debris in the compactor rooms on the 11th, 9th and 7th floors in the northern part of the building and the 10th, 7th and 4th floor compactor rooms on the south side of the building. Not only is a failure to maintain janitorial services in six out of 26 compactor rooms (roughly 25%) not de minimis, but it is up to respondent, not this Court, to determine such an issue.

We have considered petitioners' remaining arguments and find them without merit. Concur—Mazzarelli, J.P., Andrias and Buckley, JJ.

Marlow and McGuire, JJ., dissent in a memorandum by Marlow, J., as follows: Petitioners own and operate a 13-story residential building with 26 compactor rooms. The rent stabilized tenants occupying 42 apartments commenced a rent reduction proceeding with respondent, based on numerous complaints of a decrease in building services. The rent stabilization regulations of the State Division of Housing and Community Renewal (DHCR) permit respondent, upon a tenant's application, to reduce the legal regulated rent where the owner of premises subject to the regulations fails to maintain required services (Rent Stabilization Code [9 NYCRR] § 2523.4 [a] [1]), including maintenance and janitorial services (Rent Stabilization Code § 2520.6 [r] [1]).

This appeal focuses on the tenants' complaint that the building was filthy, infested with mice, and not maintained. As a result of tenants' complaints, respondent inspected the premises twice. The first inspection report indicated adequate services in all areas about which tenants complained, except the inspector "found debris in all compactor rooms bldg-wide." The second inspection report identified the location of six compactor rooms where debris was found. Based on these inspection reports, the rent administrator issued an order reducing the rent for 42 apartments based on inadequate janitorial services in the six compactor rooms.

Petitioners filed a petition for administrative review (PAR) in which they argued that (1) the inspectors found no problem with vermin; (2) the administrator failed to detail what specific

services were inadequate or lacking; (3) the order was vague and nonspecific; (4) only a fraction (9 out of 42) of the complaining tenants resided on the floors where debris was found, and any rent reduction should be limited to those living on the affected floors; and (5) the reported conditions were de minimis considering this building's size and the number of public areas its janitorial staff adequately serviced. In sustaining the rent administrator's determination that janitorial services were inadequate in certain compactor rooms, respondent's Commissioner improperly relied upon certain suppositions that are not supported by evidence in the record. Specifically, in denying the PAR, the Commissioner commented several times that the compactor rooms were "filthy." Additionally, in rejecting petitioners' argument that the rent administrator erred in reducing the rent of all the complaining tenants who resided on the floors where janitorial service was found to be inadequate, the Commissioner stated: "It is irrelevant that the compactor rooms were on certain floors, they are public areas in the building and as such the non-maintenance of some of the compactor rooms in the building poses a health hazard to the entire building." In sustaining the rent administrator's finding that janitorial services were inadequate, the Commissioner relied upon, inter alia, his belief that the subject compactor rooms were "filthy."

Petitioners commenced the instant proceeding, pursuant to CPLR article 78, to annul respondent's determination as arbitrary and capricious, contrary to law, and an abuse of discretion. Supreme Court denied the petition, finding that petitioners' contention that the condition was de minimis was not supported by the record and was based on respondent's finding that the "filthy conditions in several compactor rooms constituted a health hazard to all of the tenants in the building."

In reviewing respondent's directive to reduce rent, a reviewing court must determine whether the action was arbitrary and capricious (*see Matter of Chelrae Estates v State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 225 AD2d 387, 389 [1996]). DHCR has broad discretion in ascertaining whether a required service is not being properly maintained (*see Matter of Melohn v New York State Div. of Hous. & Community Renewal*, 234 AD2d 23 [1996]), and we do not know to what extent, if any, the Commissioner's determination was influenced by his belief that the compactor rooms were filthy. As the Fourth Department stated in *Matter of Rochester Colony v Hostetter* (19 AD2d 250, 254-255 [1963]), "The very fact that the scope of judicial review with respect to the exercise of discretion by

administrative officers or boards is extremely limited makes it imperative that the courts exercise the necessary supervision to assure that the decisional process on the administrative level is free from impermissible or irrelevant considerations or unsupported conclusions. The court may direct the reconsideration of the application by the [administrative agency], if it appears that its decision was affected or influenced by such considerations or conclusions.''

Here, there is no evidence to support the Commissioner's finding that ''debris''—which is unidentified, undescribed, unquantified and unqualified—found in 6 of 26 compactor rooms of a 13-story building, posed any kind of health hazard to any person, let alone to an entire building. Nor does the record evince any specific factual support for Supreme Court's finding of ''filthy conditions'' that would constitute a health hazard of any description to any or all tenants in the building, or of a loss of services to warrant a rent abatement.

While I agree with the majority's statement of law that ''[t]he administrative agency charged with enforcing a statutory mandate has broad discretion in evaluating pertinent factual data and inferences to be drawn therefrom, and its interpretation will be upheld so long as not irrational and unreasonable,'' I respectfully disagree that this record meets even that modest standard.

Instead, I believe that a reviewing court must be presented with a record containing factually meaningful findings so as to enable appellate judges to draw those rational inferences to support, and thus affirm, a result that affects parties' legitimate and significant rights. Otherwise, this Court's mandate— intended to be a conscientious review power over governmental action—will be transformed into a superficial habit of ''rubber stamping'' the most vacuous statements paraded before us as findings of fact. My lack of confidence in this particular agency determination is underscored by respondent's counsel's inability to clarify what was meant by the word ''debris'' in this record when he was repeatedly asked its meaning by this Court at oral argument. Indeed, such an utterly standardless review process for evaluating important decisions by public entities should be rejected.

It goes without saying that allegations of filth and vermin, if specified and proven, are extremely serious problems that would require prompt and effective corrective measures. However, the first inspection report merely stated that there was debris in all compactor rooms. There was absolutely no indication of the type, amount or extent of this debris, let alone whether it was

the kind of debris that would pose a health risk. The second inspection report also indicated an unspecified finding of debris, but this time the debris was said to be confined only to 6 of 26 compactor rooms. In my view, the facially vague findings in these inspection reports cannot be rationally viewed to provide reliable support for the agency's determination, upheld by Supreme Court, of a building-wide health hazard or an actionable reduction of services (*see Matter of Sin Hang Lee v Higgins*, 186 AD2d 138 [1992] [report underlying respondent's decision to reduce rent facially deficient]). At most, the inspection reports suggest support for the mere possibility of a de minimis failure to maintain janitorial services (*see* Rent Stabilization Code § 2523.4 [e] [12]), for which no rent reduction is warranted.

Under these circumstances, I would find that the reduction of rent was without a factual foundation and thus devoid of a rational basis (*see Matter of Grenadier Realty Corp. v State of N.Y. Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 225 AD2d 425 [1996]). Accordingly, I would reverse the Supreme Court's order and grant the petition to the extent of annulling the Commissioner's order and remanding the matter to DHCR to reconsider the PAR.