■ In the Matter of 925 D REALTY LLC, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [925 NYS2d 822]—

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered August 11, 2009, denying the petition to annul respondent's determination, dated January 14, 2009, which denied petitioner's application for a major capital improvement (MCI) rent increase, and dismissing the proceeding brought pursuant to CPLR article 78, reversed, on the law, without costs, the proceeding reinstated, the petition granted to the extent of annulling respondent's determination, and the matter remanded to respondent for further proceedings consistent with this decision.

Under the circumstances of this case, it was arbitrary and capricious for respondent to fail to recognize that the 2007 MCI was completely different from the 1991 MCI. Accordingly, we reverse and remand for further proceedings consistent herewith. To the extent there may be any overlap, no rent increase should be granted that duplicates the MCI rent increase in 1993. Concur—Friedman, Moskowitz, Freedman and Román, JJ.

Gonzalez, P.J., dissents in a memorandum as follows: I would affirm the judgment on the ground that the denial of petitioner's 2007 application for a major capital improvement (MCI) rent increase was not arbitrary and capricious and was rationally based on the record (*see Matter of Arif v New York City Taxi & Limousine Commn.*, 3 AD3d 345, 346 [2004]). The agency denied

the application because it was made prior to the expiration of the 25-year useful life of a prior elevator upgrade that was performed in 1991 (*see* 9 NYCRR 2522.4 [a] [2] [i] [d] [9]).

In its administrative appeal, petitioner contended that it did not seek a waiver of the useful-life requirement because it was unaware of its predecessor's MCI application for elevator work until the current application was denied. It also argued that the 25-year useful-life requirement for the prior MCI should not apply because the present application contemplates work different from that which was approved in 1993. Both claims were rejected by the agency, whose expertise in interpreting its statutes and regulations is entitled to deference unless shown to be irrational or unreasonable (*Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal*, 75 NY2d 206, 213 [1989]). Mindful of our limited standard of review, I would affirm the judgment appealed. **[Prior Case History: 2009 NY Slip Op 31759(U).]**