Matter of Montgomery Realty NY, LLC v New York City Dept. of Hous. Preserv. & Dev. (2020 NY Slip Op 05457)





Matter of Montgomery Realty NY, LLC v New York City Dept. of Hous. Preserv. & Dev.


2020 NY Slip Op 05457


Decided on October 06, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 06, 2020

Before: Kapnick, J.P., Oing, Scarpulla, Shulman, JJ. 


Index No. 100139/19 Appeal No. 11970 Case No. 2020-00828 

[*1]In re Montgomery Realty NY, LLC, Petitioner-Appellant,
v
New York City Department of Housing Preservation and Development, Respondent-Respondent.


Abrams Fensterman Fensterman Eisman Ferrara Formato Wolf & Carone LLP, Brooklyn (Andrea J. Caruso of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for respondent.



Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered October 29, 2019, denying the petition to overturn a determination of respondent New York City Department of Housing Preservation and Development (HPD), dated November 21, 2018, (HPD), which denied, as untimely, petitioner's application for an RPTL 421-a tax exemption, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
HPD's rejection of petitioner's application for an RPTL 421-a tax exemption as untimely had a rational basis in the record and was not arbitrary and capricious (see Red Apple Child Dev. Ctr. v Chancellor's Bd. of Review , 307 AD2d 815, 815-816 [1st Dept 2003]). Petitioner failed to submit such an application within one year of the completion date, as required by RPTL 421-a(16)(o)(i), and HPD rationally concluded that it did not have authority either to extend the deadline for submission of the application, or to grant a waiver of that deadline.
HPD also did not improvidently exercise its discretion by declining, prior to the date by which petitioner was required to submit its RPTL 421-a application, to waive the rule regarding the deadline for filing a notice of intent (see 28 RCNY 51-06[c]). HPD rationally concluded that petitioner had delayed in submitting a notice of intent, and that such delay provided insufficient time for HPD's review and implementation of marketing. In any event, petitioner did not explicitly request such a waiver prior to the submission of its RPTL 421-a application, and HPD later granted petitioner a waiver after it asked for one and explained the reason for its delay. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2020