Matter of Zucker v State of N.Y. Div. of Hous. & Community Renewal (2021 NY Slip Op 06826)





Matter of Zucker v State of N.Y. Div. of Hous. & Community Renewal


2021 NY Slip Op 06826


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Acosta, P.J., Gische, Webber, Friedman, Kennedy, JJ. 


Index No. 161481/19 Appeal No. 14787 Case No. 2021-01140 

[*1]In the Matter of Susan Zucker et al., Petitioners-Appellants,
v
State of New York Division of Housing and Community Renewal et al., Respondents-Respondents.


Eugene B. Nathanson, New York, for appellants.
Mark F. Palomino, New York (Robert Ambaras of counsel), for State of New York Division of Housing and Community Renewal, respondent.
Kim S. Winn & Associates LLP, Brooklyn (Kim S. Winn of counsel), for Tremada Holdings LLC and West 10th Street Series/Bronstein Properties, respondents.



Judgment, Supreme Court, New York County (Lynn Kotler, J.), entered on or about September 11, 2020, denying the petition to annul a determination of respondent State of New York Division of Housing and Community Renewal (DHCR), dated September 27, 2019, which granted respondent Tremada Holdings LLC-West 10th Street Series/Bronstein Properties' application to eliminate petitioner rent-stabilized tenants' access to the roof garden of the building located at 277 West 10th Street and ordered a permanent rent decrease to compensate the tenants for the loss of rooftop access, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioners failed to establish that DHCR's determination was irrational or arbitrary and capricious (see Matter of 333 E. 49th Assoc., L.P. v New York State Div. of Hous. & Community Renewal, Off. of Rent Admin., 40 AD3d 516 [1st Dept 2007], affd 9 NY3d 982 [2007]). When an owner applies to DHCR to reduce or eliminate required services under Rent Stabilization Code (9 NYCRR) § 2522.4 (d) or (e), DHCR "has broad discretion in evaluating pertinent factual data and inferences to be drawn therefrom" (id. at 516).
DHCR's approval of Tremada's application based on its interpretation of its own regulations with respect to whether the decrease in services was inconsistent with the Rent Stabilization Code is entitled to deference (see Matter of Leonard St. Props. Group, Ltd. v New York State Div. of Hous. & Community Renewal, 178 AD3d 92, 103 [1st Dept 2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021