Matter of Chaudanson v City of New York (2021 NY Slip Op 07076)





Matter of Chaudanson v City of New York


2021 NY Slip Op 07076


Decided on December 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 21, 2021

Before: Renwick, J.P., Oing, Singh, Scarpulla, Pitt, JJ. 


Index No. 153233/20 Appeal No. 14887 Case No. 2020-04497 

[*1]In the Matter of Mathueu Chaudanson, Petitioner,
v
The City of New York et al., Respondents.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for petitioner.
Georgia M. Pestana, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for respondents.



Determination of respondent Office of Administrative Trials and Hearings (OATH), dated January 9, 2020, which affirmed a Hearing Officer's decision, dated September 23, 2019, sustaining two violations of New York City Building Code (Administrative Code of City of NY, tit 28, ch 7) § BC 3319 and imposing a $20,000 penalty, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Eileen A. Rakower, J.], entered on October 23, 2020), dismissed, without costs.
The January 9, 2020 OATH determination at issue upheld an OATH Hearing Officer's decision sustaining summonses issued against petitioner by respondent Department of Buildings, based upon petitioner directing that two construction cranes be configured in positions unsafe for high winds. Supreme Court properly transferred the proceeding, as petitioner specifically alleged that the Hearing Officer's determination was not supported by substantial evidence (see Matter of Volpe v New York City Dept. of Bldgs., 194 AD3d 459, 459 [1st Dept 2021]). In addition, petitioner's statutory construction claim, while raising a question of law, also involves a question of substantial evidence, because OATH's determination was based in part upon the Hearing Officer's post-hearing credibility determinations and factual findings (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). 
As to the merits, New York City Building Code (Administrative Code of City of NY, tit 28, ch 7) § BC 3319.1, cited in the summonses issued to petitioner, is titled "Scope" and provides that "[t]he construction, installation, inspection, maintenance and use of cranes and derricks shall be in conformance with the use requirements of this section, [s]ection 3316, and with the rules promulgated by the commissioner." New York City Building Code (Administrative Code of City of NY, tit 28, ch 7) § BC 3316.1, in turn, requires that cranes "be installed, operated, and maintained to eliminate hazard to the public." Additionally, New York City Building Code (Administrative Code of City of NY, tit 28, ch 7) § BC 3301.1.1, titled "Responsibility for Safety," explicitly provides that all parties engaged in a construction operation must engage in "sound engineering . . . practices," and "act in a reasonable and responsible manner to maintain a safe construction . . . site."
OATH made a factual finding that petitioner directed the crane operators to park the cranes in a manner unsafe for predicted high wind conditions and in violation of § 3319.1. Based on this finding, OATH rationally determined that the relevant provisions of the Building Code do, in fact, apply to petitioner as the engineer of record because he directed the maintenance and use of the cranes within the meaning of the Building Code, and that he is a responsible party for [*2]the violations cited in the summonses (see Nichols v New York City Dept. of Bldgs. Licensing Unit, 176 AD3d 543, 543 [1st Dept 2019], lv denied 35 NY3d 913 [2020]). Because OATH's determination is one of specific application of broad statutory terms — specifically, "maintenance" and "use" — OATH's determination is entitled to deference (see Matter of Peyton v New York City Bd. of Stds. & Appeals, 36 NY3d 271, 281 [2020]; Matter of Arif v New York City Taxi & Limousine Commn., 3 AD3d 345, 346 [1st Dept 2004]). Additionally, neither § 3319.1 nor § 3316.1 explicitly exempts engineers from their requirements, and, as OATH aptly noted, petitioner cannot take an active role in overseeing the maintenance and use of cranes but also disclaim liability when so doing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2021