## Framan Mech., Inc. v New York City Hous. Auth.

2024 NY Slip Op 31688(U)

May 15, 2024

Supreme Court, New York County

Docket Number: Index No. 150229/2024

Judge: J. Machelle Sweeting

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. J. MACHELLE SWEETING**

*Justice*

| | |
|---|---|
| PART | 62 |

-------------------------------------------------------------------------------X

FRAMAN MECHANICAL, INC.

                          Petitioner,

- v -

NEW YORK CITY HOUSING AUTHORITY,

                          Respondent.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150229/2024 |
| MOTION DATE | 01/09/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31

were read on this motion to/for               ARTICLE 78 (BODY OR OFFICER)      .

Petitioner filed a motion seeking an order and judgment pursuant to Article 78 of the Civil Practice Law and Rules:

    a) Declaring that the decisions issued by respondent New York City Housing Authority ("NYCHA"), dated September 12, 2023, September 13, 2023, December 7, 2023, December 26, 2023, and January 8, 2024 (collectively, the "Decisions"), which deemed Framan's bid non-responsive for Request for Quotation ("RFQ") number 40799 for the "Boiler Replacement at Lehman Village (Building 4) project (the "Project"), were arbitrary and capricious and constitute an abuse of discretion, and/or affected by an error of law;

    b) Vacating and annulling the Decisions in their entirety; and

    c) Declaring petitioner Framan's bid as responsive and compelling NYCHA to award the Project contract to Framan, the lowest responsible bidder.

**150229/2024   FRAMAN MECHANICAL, INC. vs. NEW YORK CITY HOUSING AUTHORITY**       **Page 1 of 4**
    **Motion No.  001**

1 of 4

Arguments Made by the Parties

Petitioner argues that it had submitted a bid for the Project that was $125,000 lower than the nearest bid, but NYCHA denied petitioner's bid for reasons that were arbitrary, capricious, and an abuse of discretion. Specifically, NYCHA denied petitioner's bid for the sole reason that petitioner, due to a technical glitch, failed to timely submit two letters of assent from subcontractors.

Petitioner argues that years earlier, petitioner had bid on a different NYCHA project (the "earlier bid"), and in the earlier bid, NYCHA had given petitioner the opportunity to cure ten deficiencies. Petitioner argues:

> This refusal contradicts NYCHA's previous practice of allowing [petitioner] Framan to rectify more material and fatal defects post-bid, demonstrating a notable inconsistency and arbitrariness in NYCHA's decision-making process and its exercise of discretion. NYCHA's Decisions deviate from its established precedents without reasonable justification and violate the established law, warranting their annulment as arbitrary, capricious, and an abuse of discretion.

In opposition, NYCHA argues, first, that in the earlier bid, the ten deficiencies petitioner was allowed to cure constituted non-material typographical errors and non-material missing identification information that was not expressly required prior to the bid opening. In contrast, here, letters of assent for the subject bid were a material condition, and the Project RFQ clearly warned all bidders that the failure to submit such letters of assent "shall" result in a bid being declared non-responsive. NYCHA also argues that petitioner was not the only bidder found non-responsive for failure to include letters of assent, and that a decision in petitioner's favor would give petitioner an unfair advantage.

**150229/2024   FRAMAN MECHANICAL, INC. vs. NEW YORK CITY HOUSING AUTHORITY**          **Page 2 of 4**
     **Motion No.  001**

[* 2]                                                    2 of 4

NYCHA argues, second, that it is well established law that the decision to award a public contract is a purely discretionary act and cannot be compelled by a court. Therefore, NYCHA argues, the court may not direct NYCHA to award the contract for the Project to petitioner. Further, NYCHA argues, any relief awarded to petitioner would be limited to bid preparation costs only.

In Reply, petitioner argues that NYCHA's failure to contact petitioner regarding the missing letters before disqualifying petitioner is a substantial break from NYCHA's own practice and procedures and is irrational and arbitrary. Petitioner argues that he cured the omission only one day after he was made aware of it, and that NYCHA went against the best interests of the public and to the taxpayers' detriment, by disqualifying his bid, which was $125,000 lower than any others.

Conclusions of Law

Here, petitioner does not deny that he failed to timely submit the letters of assent, nor does petitioner deny that the Project RFQ contained an express requirement that made clear that the failure to comply with this condition would result in a bid being declared non-responsive. Therefore, NYSCHA's decision, which was in accordance with this requirement, was not arbitrary, capricious, or an abuse of discretion. *See* P & C Giampilis Const. Corp. v Diamond, 210 AD2d 64 (1st Dept 1994) ("Courts have repeatedly upheld the rejection by municipal agencies of competitive bids, without any further investigation other than a review of the bid documents, based upon non-responsiveness, where, as here, the bids failed to comply with the literal requirements of the bid specifications [internal quotations omitted]"); Red Apple Child Dev. Ctr. v Chancellor's Bd. of Review, 307 AD2d 815 (1st Dept 2003):

**150229/2024   FRAMAN MECHANICAL, INC. vs. NEW YORK CITY HOUSING AUTHORITY**
**Motion No.  001**

**Page 3 of 4**

3 of 4

[* 3]

> In the context of a CPLR article 78 proceeding, it is well settled that judicial review is limited to a determination of whether the administrative action is arbitrary and capricious or lacks a rational basis. Where such a rational basis exists, an administrative agency's construction and interpretation of its own regulations and of the statute under which it functions are entitled to great deference. Furthermore, a municipality awarding contracts pursuant to competitive bidding has the discretion to reject bids for noncompliance with its competitive bidding requirements. [internal citations omitted]

Given the circumstances here, this court finds that the decision by NYCHA was within its discretion and was neither arbitrary nor capricious or an abuse of discretion. *See* Mun. Testing Lab., Inc. v New York City Tr. Auth., 233 AD2d 105 (1st Dept 1996) ("The award of the subject contract […] was a matter within the Authority's discretionary management of its operations, and therefore not justiciable absent an indication that the Authority disregarded its own guidelines"); P & A Bros., Inc. v City of New York Dept. of Parks & Recreation, 184 AD2d 267 (1st Dept 1992) ("The Supreme Court, however, correctly recognized that the acceptance or rejection of bids is a determination within the discretion of the agency and may not be disturbed absent actual impropriety or unfair dealings, neither of which are even alleged here.").

Conclusion

For the reasons set forth herein, it is hereby:

**ORDERED** that this petition is DENIED; and it is further

**ORDERED** that there being no other applications, this proceeding is closed.

| 5/15/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **J. MACHELLE SWEETING, J.S.C.** | |
| **CHECK ONE:** | X CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |