■ In the Matter of Paz C. Franco, Appellant, v State of New York Division of Housing and Community Renewal, Office of Rent Administration, Respondent, and Stuyvesant Owners, Inc., Intervenor-Respondent. [674 NYS2d 314] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered February 28, 1997, denying the petition brought pursuant to CPLR article 78 seeking to annul an order of the Commissioner of the Division of Housing and Community Renewal (DHCR), granting the owner's Petition for Administrative Review (PAR) and vacating the Rent Administrator's order that had found a rent overcharge, unanimously affirmed, without costs.

Petitioner tenant's claim that DHCR improperly expanded the scope of the PAR by considering substantive claims raised by the owner in a responsive submission filed during the administrative review proceeding, when the PAR itself only raised an issue as to notice of the rent proceeding, presents no basis to disturb DHCR's determination of the PAR, since the owner specifically reserved the right in its PAR to supplement the petition to add substantive claims and the tenant had the opportunity to respond to the added claims. Moreover, since a PAR is by definition a request that the DHCR's Commissioner review a Rent Administrator's order, and the Commissioner's order was based upon arguments and evidence submitted to the Rent Administrator and upon a review of the agency's own records, the Commissioner did not improperly enlarge the record of the owner's PAR or consider evidence that was beyond the scope of the administrative review.

In addition, the Commissioner properly invoked Policy Statement 92-3 to consider the totality of the evidence submitted to the Rent Administrator in support of the owner's claim that it had filed an RR-1 form in 1984 for the subject apartment, and, in light of that evidence, the Commissioner had a rational basis for concluding that the apartment had been timely registered and that there had been no rent overcharge. Finally, petitioner's challenges to the validity of the registration statement, i.e., that service of the statement could not have taken place on the date indicated in the statement, and that the tenant of record was a commercial and not a residential tenant, are matters beyond the scope of judicial review in this article 78 proceeding since they were not raised prior to the issuance of the Commissioner's order (see, Matter of Rozmae Realty v State Div. of Hous. & Community Renewal, 160 AD2d 343, lv denied 76 NY2d 712). Concur—Milonas, J. P., Tom, Andrias and Saxe, JJ.