**11** In the Matter of SALVADOR ROSILLO, Appellant, v NEW YORK CITY LOFT BOARD et al., Respondents. [688 NYS2d 152] —Order and judgment (one paper), Supreme Court, New York County (Richard Lowe, III, J.), entered February 9, 1998, which, in a CPLR article 78 proceeding by petitioner tenant challenging respondent Loft Board's determination of rent for the subject apartment as barred by a prior order of the Division of Housing and Community Renewal (DHCR) determining the rent, granted cross motions by the Loft Board and respondent landlord to dismiss the petition for failure to state a cause of action, and dismissed the petition, unanimously affirmed, without costs.

The petition was properly dismissed on the ground that the apartment in question was at all relevant times subject to the Loft Board's jurisdiction, rendering DHCR's prior order fixing the rent void for lack of jurisdiction and leaving the Loft Board free to issue its own order fixing the rent (*see, Matter of Foy v Schechter*, 1 NY2d 604, 612; *Abiele Contr. v New York City School Constr. Auth.*, 91 NY2d 1, 11-12). We note in this regard that DHCR's determination of rent was made on the basis of its default formulas, the landlord having taken the position before DHCR that it lacked jurisdiction, and was sustained both administratively and judicially not on the merits but on the ground that the landlord's petition for administrative review was not timely filed. Thus, the denial of the landlord's article 78 application was based on a finding that the controversy was nonjusticiable for failure to exhaust administrative remedies, not that DHCR had jurisdiction. We have considered petitioner's other arguments, including that the Loft Board's determination was tainted by a conflict of interest on the part of the landlord's attorneys, and find them to be unavailing. Concur—Sullivan, J. P., Rosenberger, Rubin, Saxe and Buckley, JJ.