In the Matter of Dov Bronner et al., Appellants, v Division of Housing and Community Renewal, Respondent. [771 NYS2d 121]—

Order, Supreme Court, New York County (Charles Tejada, J.), entered November 21, 2002, which upheld the Division of Housing and Community Renewal (DHCR) Commissioner's order, dated April 3, 2002, affirming the Rent Administrator's determination, dated November 7, 2001, that the subject apartment had already been deregulated, unanimously affirmed, without costs.

Petitioner tenants claimed that the Rent Administrator exceeded her authority in determining the apartment already luxury-deregulated, under Rent Stabilization Code ([RSC] 9 NYCRR) § 2520.11 (r) (2), because the landlord had brought a deregulation proceeding on other grounds. But the finding of prior deregulation under RSC § 2520.11 (r) (2) was jurisdictional in that it deprived DHCR of considering the landlord's later deregulation petition on other grounds (*see e.g. Matter of Rosillo v New York City Loft Bd.*, 260 AD2d 237 [1999], *lv denied* 93 NY2d 815 [1999]). The Commissioner's order was rationally based upon arguments and evidence submitted to the Rent

Administrator (see Matter of Franco v State of N.Y. Div. of Hous. & Community Renewal, 251 AD2d 140 [1998], lv denied 92 NY2d 818 [1999]; Matter of Meyer v New York State Div. of Hous. & Community Renewal, 192 AD2d 375 [1993]).

Nor do we perceive any due process violation. After requesting the vacancy lease of the current tenants and the last renewal lease of the prior tenants, the Rent Administrator issued a proposed order declaring that the apartment had already been deregulated, as a high-rent accommodation, as of petitioners' entry in May 1995, at a legal regulated rent in excess of $2,000 per month, but gave petitioners an opportunity to respond to that ruling. Furthermore, the commencement of petitioners' initial lease predated the amendment of section 26-504.2 of the Administrative Code of the City of New York (Local Law No. 12 [2000] of City of New York § 2), which introduced the requirement that tenants be notified of high-rent deregulation by certified mail. In any event, any alleged failure to serve petitioners with such notice did not extend DHCR's jurisdiction to consider the question of deregulation in the latest proceeding (see Thorgeirsdottir v New York City Loft Bd., 161 AD2d 337 [1990], affd 77 NY2d 951 [1991]).

We have considered petitioners' other arguments and find them unavailing. Concur—Nardelli, J.P., Ellerin, Williams and Gonzalez, JJ.