■ HENRY S. SLESINGER, Respondent, v DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK, Appellant, et al., Respondent. [834 NYS2d 107]—

Order and judgment (one paper), Supreme Court, New York County (Nicholas Figueroa, J.), entered June 29, 2005, granting the petition to the extent of annulling respondent agency's determination that petitioner is not entitled to succeed to the cooperative apartment in question, and remanding the matter to respondent to consider whether petitioner had filed the relevant tax returns as proof of his primary residence, unanimously reversed, on the law, without costs, the petition denied and the proceeding dismissed.

In the context of a CPLR article 78 proceeding, it is established that judicial review is limited to a determination of whether the administrative decision is arbitrary and capricious, or lacks a rational basis (see Matter of Tockwotten Assoc. v New York State Div. of Hous. & Community Renewal, 7 AD3d 453, 454 [2004]; Red Apple Child Dev. Ctr. v Chancellor's Bd. of Review, 307 AD2d 815 [2003]), and where such rational basis exists, an administrative agency's construction and interpretation of its own regulations are entitled to great deference (see Matter of Salvati v Eimicke, 72 NY2d 784, 791 [1988]; Matter of Arif v New York City Taxi & Limousine Commn., 3 AD3d 345, 346 [2004]). Moreover, "[j]udicial review of administrative determinations is confined to the facts and record adduced before the agency" (Matter of Yarbough v Franco, 95 NY2d 342, 347 [2000] [internal quotation marks and citation omitted]; see also Matter of Picon v Johnson, 30 AD3d 301, 302 [2006]).

In this matter, it is clear from a review of the administrative

record that respondent's determination that petitioner was not entitled to succession rights was neither arbitrary or capricious, nor did it lack a rational basis. Petitioner failed to submit adequate documentation to establish that he resided in the subject premises for the requisite time period, in that, inter alia: he neglected to submit an income affidavit for the year 1998; his New York State income tax returns did not show proof of filing; his voter registration and jury service notice only indicated that he had ties to New York, but did not demonstrate his primary residence was here; an affidavit from a neighbor which, while attesting to petitioner's close relationship with the prior resident, failed to state that petitioner actually resided in the apartment during the critical period; and he failed to submit financial or employment documents confirming his purported address. Further, the hearing court improperly remanded the matter to respondent to consider additional evidence, this being especially so since petitioner had ample opportunity to compile the relevant documentation. Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Malone, JJ.