■ In the Matter of SALVADOR ROSILLO et al., Appellants, v NEW YORK CITY LOFT BOARD et al., Respondents. [836 NYS2d 146]—

Judgment, Supreme Court, New York County (Kibbie F. Payne, J.), entered July 18, 2005, dismissing this proceeding brought pursuant to CPLR article 78, seeking to annul a determination of the Loft Board which, inter alia, denied the tenants' application for reconsideration, determined that respondent owner's amended plan to install an automatic elevator was not an unreasonable interference with their occupancies and declined to consider so much of their alternate plan that did not address the owner's amended plan, unanimously affirmed, without costs.

The Loft Board properly rejected the tenants' attempt to object to matters set forth in the owner's original plan that were not part of its amended plan, that body correctly interpreting the limitation in its own governing rules (29 RCNY 2-01 [d] [2] [vi]; *see Slesinger v Department of Hous. Preserv. & Dev. of City of N.Y.*, 39 AD3d 246 [2007]). The determination that the owner's plan would not unreasonably interfere with the use of the tenants' units was within the expertise of the Loft Board, which is entitled to deference. The tenants' present argument that the determination was tainted by a conflict of interest was not raised before the administrative body and cannot be raised for the first time at this juncture (*see id.*). In any event, this argument has already been rejected by this Court (*see Matter of Rosillo v New York City Loft Bd.*, 260 AD2d 237 [1999], *lv denied* 93 NY2d 815 [1999]).

We have considered petitioners' other contentions and find

them unavailing. Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ.