■ GEORGE KAN, Petitioner, v NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, Respondent. [844 NYS2d 270]—

Determination of respondent New York City Environmental Control Board (ECB), dated May 25, 2006, finding that petitioner asbestos investigator performed insufficient sampling at three locations, in violation of 15 RCNY 1-16 (a) (3), and imposing the statutorily permitted fine of $2,400 for each violation, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Alice Schlesinger, J.], entered February 15, 2007), dismissed, without costs.

Respondent's interpretation of its regulation in 15 RCNY 1-16 (a) (3) as requiring a minimum of three samples for homogeneous friable materials in the categories of materials tested by petitioner is entitled to "great deference," unless irrational (*see Slesinger v Department of Hous. Preserv. & Dev. of City of N.Y.*, 39 AD3d 246, 246 [2007]), which it is not. Petitioner's argument that not all of the items sampled were friable materials requiring three samples was raised for the first time on the administrative appeal, and accordingly is not preserved for review (*see Matter of Pabon v Goord*, 6 AD3d 833, 834 [2004]). Petitioner's argument that not all of the items sampled are identified as surfacing materials requiring three samples was raised for the first time in the article 78 proceeding, and accordingly is not preserved for review (*see Matter of Rizzo v New York State Div. of Hous. & Community Renewal*, 6 NY3d 104, 110 [2005]). The penalty does not shock our sense of fairness (*cf. Matter of 106 Fulton Assoc. v City of N.Y. Envtl. Control Bd.*, 214 AD2d 440 [1995]). Concur—Lippman, P.J., Mazzarelli, Friedman, Marlow and Buckley, JJ.