## Cigar Vape Inc 1 v New York City Sheriff's Dept.

2025 NY Slip Op 31255(U)

April 11, 2025

Supreme Court, New York County

Docket Number: Index No. 158041/2024

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. PAUL A. GOETZ**   PART   47

*Justice*

-----------------------------------------------------------------------------X

CIGAR VAPE INC 1,

INDEX NO.   158041/2024

Petitioner,

MOTION DATE   10/17/2024

- v -

MOTION SEQ. NO.   001

THE NEW YORK CITY SHERIFF'S DEPARTMENT, THE
OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS

**DECISION + ORDER ON
MOTION**

Respondents.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 48

were read on this motion to/for                    ARTICLE 78 (BODY OR OFFICER)                    .

In this Article 78 proceeding, petitioner, Cigar Vape Inc 1, ("CVI") challenges the decision of respondents, New York City Sheriff's Department (the "Sheriff"), and The Office of Administrative Trials and Hearings ("OATH") to issue a sealing order closing CVI's shop due to violations of New York Cannabis Law. CVI alleges that this decision was arbitrary, capricious, and unlawful. CVI seeks an order that terminates the sealing order and allows the shop to reopen.

## BACKGROUND

CVI owns and operates a convenience store located at 245 5th Ave., Brooklyn, NY, 11215 (NYSCEF Doc No 4 at ¶ 2). On July 17, 2024, the Sheriff's Department conducted an inspection of CVI's shop and based upon that inspection, issued a summons for the unlicensed sale of cannabis product and a Sealing Order closing CVI's business (NYSCEF Doc No 1 at ¶ 4). On July 24, 2024 a hearing was held before an OATH Hearing Officer, who determined that CVI was selling cannabis products without a license and recommended that the Sealing Order be implemented because the sale of unlicensed cannabis posed an imminent threat to the public

158041/2024   CIGAR VAPE INC 1 vs. THE NEW YORK CITY SHERIFF'S DEPARTMENT ET AL
Motion No.  001

Page 1 of 5

1 of 5

[* 1]

(NYSCEF Doc No 7). A final decision was then issued by the Sheriff on July 30, 2024, ordering that the shop be closed for one year from the July 24, 2024 hearing date (NYSCEF Doc No 6).

## DISCUSSION

*Standard of Review*

"In the context of an article 78 proceeding, it is established that judicial review is limited to a determination of whether the administrative decision is arbitrary and capricious, or lacks a rational basis" (*Slesinger v Dept. of Hous. Preserv. and Dev. of City of New York*, 39 AD3d 246, 246 [1st Dept 2007]). "[W]here such rational basis exists, an administrative agency's construction and interpretation of its own regulations are entitled to great deference" (*id*.). "An agency action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts"(*Figueroa v New York City Hous. Auth.*, 141 AD3d 468, 469 [1st Dept 2016] [internal quotation marks omitted]). "In reviewing an agency's application of its own regulations, courts must scrutinize administrative rules for genuine reasonableness and rationality in the specific context presented by a case" (*id.* [internal quotation marks omitted]). "[E]ven if the court concludes that it would have reached a different result than the one reached by the agency", so long as the determination is supported by a rational basis, the court must sustain the determination (*Matter of Peckham v Calogero*, 12 NY3d 424 [2009]).

"Moreover, judicial review of administrative determinations is confined to the facts and record adduced before the agency" (*Slesinger*, 39 AD3d at 246 [internal quotation marks omitted]). "The doctrine of exhaustion of administrative remedies requires that one first exhaust all available administrative channels before looking to the courts for relief" (*Matter of Kostick v Del Castillo*, 133 AD2d 759 [2d Dept 1987] "To authorize a petitioner to raise … issues for the first time in an article 78 proceeding … would deprive the administrative agency of the

**158041/2024   CIGAR VAPE INC 1 vs. THE NEW YORK CITY SHERIFF'S DEPARTMENT ET AL**          **Page 2 of 5**
**Motion No.  001**

2 of 5

opportunity to prepare a record reflective of its 'expertise and judgment'" meaning that the petitioner failed to exhaust its administrative remedies and a reviewing court cannot consider those arguments (*Matter of Yarbough v Franco*, 95 NY2d 342, 347 [2000]).

Therefore, under the "arbitrary and capricious" standard, the scope of review is limited to whether respondents followed the proper regulations and whether the interpretation of those regulations were rational.

*Cannabis Law*

CVI argues that the OATH Hearing Officer acted arbitrarily and capriciously by recommending the Sealing Order, without properly considering factors required by the Cannabis Law. CVI also argues that the service of the summons was improper, that the OATH Hearing Officer failed to consider whether the cannabis products seized represented a *de minimis* part of the business activity, pursuant to NY CANBS § 138-b[1], that there was no evidence that the products seized contained illegal cannabis, and that the seized products may have been for personal use by a store's employee.

However, CVI failed to raise these issues before the OATH Hearing Officer and raises them for the first time in its Article 78 petition. CVI argues that the OATH Hearing Officer failed to consider whether the cannabis products seized where a *de minimis* part of the business activity. While hypothetically a failure of an OATH Hearing Officer to properly consider the

---

[1] NY CANBS § 138-b(6) and (7) state: "(6) An order to seal may be issued by the office or the board pursuant to subdivision three of this section only if … the unlicensed activity as described in this section is more than a *de minimis* part of the business activity on the premises or in the building to be sealed pursuant to the order
(7) In assessing whether unlicensed activity within a building or premises is more than de minimis, the office or board, as relevant, shall consider factors such as any one or more of the following:
(a) the presence of signs or symbols, indoors or out, advertising the sale of cannabis or otherwise indicating that cannabis is sold on the premises;
(b) information shared in any advertisements or other marketing content in connection with the unlicensed business activity and any direct or indirect sales of cannabis or other conduct in violation of this chapter;
(c) the volume of illicit cannabis products on site; and
(d) the variety of illicit cannabis products on site.

**158041/2024   CIGAR VAPE INC 1 vs. THE NEW YORK CITY SHERIFF'S DEPARTMENT ET AL        Page 3 of 5**
   **Motion No.  001**

statutory factors required in making a determination on the *de minimis* standard in NY CANBS § 138-b, could potentially be deemed as "arbitrary and capricious", CVI's failure to raise these defenses during the OATH hearing, "deprived the administrative agency of the opportunity to prepare a record reflective of its 'expertise and judgment'" (*Yarbough*, 95 NY2d at 347). Thus, here the OATH Hearing Officer could not have acted "arbitrary and capricious" as he was not tasked with deciding these issues. Consequently, CVI's failure to raise these issues before the OATH Hearing Officer, precludes their consideration in this Article 78 proceeding.

Additionally, respondent alleges that CVI failed to raise their argument that service of the summons was improper before the OATH Hearing Officer, however CVI alleges in its petition that it did raise the issue (NYSCEF Doc No 3 ¶ 11). The Oath Hearing Officer addresses service in his decision, and his determination that service was proper was not arbitrary and capricious. Respondent submits the summons and affidavit of service in which respondent avers that the summons was left with an employee who stated that he was authorized to accept service on behalf of the defendant (NYSCEF Doc No 28). The OATH Hearing Officer rationally and reasonably determined that Respondent properly served CVI.

Finally, CVI argues that the OATH Hearing Officer acted arbitrarily and capriciously by ruling against it without evidence of a direct sale of cannabis products, an argument that was raised in front of the OATH Hearing Officer. However, as respondent notes, neither Cannabis Law § 125 nor NYC Admin Code § 7-551 require evidence of a direct sale of cannabis, to issue a Sealing Order. The OATH Hearing Officer stated that he considered the arguments made by CVI and "[b]ased upon the photographs and the seizure order and the other evidence submitted by [the Sheriff], I find that [CVI] was offering cannabis products for sale without a license" (NYSCEF Doc No 7). Because judicial review is limited to a determination that the decision

**158041/2024 CIGAR VAPE INC 1 vs. THE NEW YORK CITY SHERIFF'S DEPARTMENT ET AL**
Motion No. 001

**Page 4 of 5**

4 of 5

lacked a rational basis, and considering that the OATH Hearing Officer offers a logical rationale to support his decision there is no reason to disturb his determination.

Accordingly it is

ORDERED and ADJUDGED that the petition is denied and dismissed, with costs and disbursements to respondents as taxed by the Clerk; and it is further

ORDERED that the Clerk is directed to enter judgment accordingly.

20250411153558PG0ETZBB84B2B5A9744F3B91BC808098FFF36C

| 4/11/2025 | | PAUL A. GOETZ, J.S.C. |
| DATE | | |

**CHECK ONE:** 

| | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**158041/2024  CIGAR VAPE INC 1 vs. THE NEW YORK CITY SHERIFF'S DEPARTMENT ET AL**          Page 5 of 5
**Motion No.  001**

5 of 5