| **Blake v New York City Campaign Fin. Bd.** |
| 2025 NY Slip Op 32066(U) |
| June 10, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157229/2025 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. PAUL A. GOETZ**                    PART                    47

*Justice*

-----------------------------------------------------------------------------X

MICHAEL BLAKE, BLAKE FOR NYC 2025, IKENNA AFAM

Petitioner,

- v -

NEW YORK CITY CAMPAIGN FINANCE BOARD,

Respondent.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157229/2025 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 10, 11, 12, 13, 14, 15, 16, 17

were read on this motion to/for                    ARTICLE 78 (BODY OR OFFICER)                    .

In this hybrid proceeding for relief pursuant to CPLR Article 78 petitioner, Michael Blake, a candidate in the Democratic primary for the New York City Mayoral race, moves for an order (i) vacating the decision by respondent, the New York City Campaign Finance Board ("CFB") to exclude him from participating in the 2nd Mayoral Debate taking place on June 12, 2025; (ii) directing the CFB to include Michael Blake in the 2nd Mayoral Debate; (iii) restraining the CFB from holding a Mayoral debate on June 12th without the inclusion of Michael Blake; (iv) requiring the CFB to recalculate Michael Blake's debate eligibility based on updated filings submitted on June 9, 2025; awarding (v) money damages; and (vi) attorney's fees.

The CFB established in 1988 by the of the Campaign Finance Act ("CFA") and subsequent referendum to the NYC Charter. The CFB establishes eligibility requirements for primary, general, and special election debates for candidates running for office in New York City, including the mayoral race. NYC Admin Code § 3-709.5, provides that the CFB shall select a sponsor for the debate, whose application shall among other things highlight how they will conduct, broadcast, and set forth criteria for the eligibility of candidates to participate in the

[* 1]

debates. The CFB and the selected sponsor are to memorialize their agreement in writing, including the eligibility standards for the debates. NYC Admin Code § 3-709.5(1)(a) provides in relevant part that:

> A participating candidate or limited participating candidate for nomination or election to a city-wide office is eligible to participate in a debate for each election in which he or she is on the ballot if he or she has met such criteria for participation as specified in this section, and as shall be further specified in any agreement between the debate sponsor and the board.

The statute creates guidelines and a statutory minimum for eligibility in the debates, and allows the CFB and the sponsor to create the criteria for eligibility so long as it meets those minimums. For example, for the first debate of a primary or general election § 3-709.5(5)(b)(i) states that:

> [E]ach debate … shall include only those participating candidates … the sponsor of each such debate has determined meet the non-partisan, objective, and non-discriminatory criteria set forth in any agreement between the sponsor and the board … provided, however, that the criteria for the *first debate* for a primary [shall make eligible any candidate who] by the last filing date prior to such debate, (I) raised, and (II) spent, an amount equal to or more than one and one quarter percent of the expenditure limitation provided in subdivision one of section 3-706.

As for the second debate in a primary or general election cycle, § 3-709.5(5)(b)(i) further provides that:

> [T]he second debate for a primary, general, or special election shall include only those participating candidates or limited participating candidates who the sponsors have also determined are leading contenders on the basis of additional non-partisan, objective, and non-discriminatory criteria set forth in any agreement between the sponsor and the board.

Consequently, the CFA requires that the agreement between the CFB and the sponsor allow a candidate to participate in the first debate who reaches the statutory spending threshold;

**157229/2025 BLAKE, MICHAEL ET AL vs. NEW YORK CITY CAMPAIGN FINANCE BOARD** **Page 2 of 9**
**Motion No. 001**

2 of 9

[* 2]

it also allows for participation by additional candidates as the CFB and sponsor see fit. As for the second debate the CFB and the sponsor have more discretion to determine the candidate eligibility criteria so long as the criteria is "non-partisan, objective, and non-discriminatory" as set forth in their agreement.

Here, the CFB selected Spectrum NLP, LLC (hereafter "NY1") as the sponsor of the Second Democratic Primary Debate for this election cycle, and CFB and NY1 memorialized their agreement in a Memorandum of Understanding (the "MOU") (NYSCEF Doc No 15). The MOU provides the criteria candidates must meet to be eligible to participate in the 2nd debate, requiring that the candidate:

1. Must be on the ballot as of the date of the Debate, AND
2. Must meet all other minimum criteria under the Act, AND
3. Must have:

    a. Raised and spent $2,379,600 and in compliance with the Act as reflected in the last filing statement prior to the Debate, which must be filed by 11:59 p.m. on May 23, 2025, OR

    b. Raised $250,000 in matchable contributions, including at least 1,000 matchable contributions of $10 or more as reflected in the last filing statement prior to the Debate, which must be filed by 11:59 p.m. on May 23, 2025; OR

    c. Achieved at least 5%" in one of the following voter preference polls conducted for this election: Siena College Research Institute, The Marist Institute for Public Opinion, Emerson College Polling Center, and Quinnipiac University Polling Institute.

(NYSCEF Doc No 15 at 30 – 31).

NYC Admin Code § 3-708(7)(b) provides that:

> The board shall develop a program for informing candidates and the public as to the purpose and effect of the provisions of this chapter. The board shall prepare and make available educational materials, including compliance manuals and summaries and explanations of the purposes and provisions of this chapter. These materials shall be prepared in plain language. The board shall prepare and make available materials, including, to the extent feasible, computer software, to facilitate the task of compliance with the disclosure and record-keeping requirements of this chapter.

**157229/2025   BLAKE, MICHAEL ET AL vs. NEW YORK CITY CAMPAIGN FINANCE BOARD**    **Page 3 of 9**
**Motion No.  001**

3 of 9

[* 3]

## **DISCUSSION**

Petitioner argues that the CFB acted arbitrarily and capriciously by denying his participation in the second primary debate on several grounds. First, he argues that the criteria that was provided to the candidates, does not include a deadline for when a candidate must meet the "matchable contributions" criteria and thus it would be "arbitrary and capricious" to apply a deadline which was not communicated to petitioner and the CFB should instead be required to determine his eligibility based on additional information submitted after the May 23, 2025 deadline in the MOU.

Petitioner also argues that he met the "matchable contributions" threshold by the May 23, 2025 deadline, however the computer program which the CFB uses to verify the address information of the donors,[1] invalidated claims that should have been accepted and that it was arbitrary and capricious to not allow petitioner to cure these defects prior to making a final determination on his eligibility for the 2nd debate.

Finally, petitioner argues that the CFA requires the CFB to "include financial criteria" up to and including the "last filing date prior to such debate," which here according to petitioner would mean June 9, 2025 and not the May 23, 2025 date. Thus, petitioner argues that the CFB acted arbitrary and capriciously as they acted in violation of its statutory mandate.

"In the context of an article 78 proceeding, it is established that judicial review is limited to a determination of whether the administrative decision is arbitrary and capricious, or lacks a

---

[1] In order to be eligible for "matchable contributions" and thus must meet the eligibility threshold, the donations must be from individuals who live in the area that the candidate is seeking to represent. For a mayoral campaign, this would mean that a New York City address would need to be confirmed in order to make these donations eligible (*see* NYC Admin Code § 3-702(3) ["The term 'matchable contribution' shall mean (i) a contribution, (ii) contributions or (iii) a portion of a contribution or contributions, … made by a natural person resident in the city of New York to a participating candidate"]).

**157229/2025   BLAKE, MICHAEL ET AL vs. NEW YORK CITY CAMPAIGN FINANCE BOARD          Page 4 of 9**
  **Motion No.  001**

rational basis" (*Slesinger v Dept. of Hous. Preserv. and Dev. of City of New York*, 39 AD3d 246, 246 [1st Dept 2007]). "[W]here such rational basis exists, an administrative agency's construction and interpretation of its own regulations are entitled to great deference" (*id*). "[E]ven if the court concludes that it would have reached a different result than the one reached by the agency", so long as the determination is supported by a rational basis, the court must sustain the determination (*Matter of Peckham v Calogero*, 12 NY3d 424 [2009]). "Moreover, judicial review of administrative determinations is confined to the facts and record adduced before the agency" (*Slesinger*, 39 AD3d at 246 [internal quotation marks omitted]). "An agency action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*Figueroa v New York City Hous. Auth.*, 141 AD3d 468, 469 [1st Dept 2016] [internal quotation marks omitted]). "In reviewing an agency's application of its own regulations, courts must scrutinize administrative rules for genuine reasonableness and rationality in the specific context presented by a case" (*id*. [internal quotation marks omitted]).

Petitioner notes that in the publicly provided material which outlined the participation criteria for the debates, the chart provides that a candidate would be eligible for the 2nd debate if they were:

> 1. On ballot
> 2. (a) Raised and spent $2,379,600, OR
>     (b) Raising $250,000 in matchable contributions, including at least 1,000 matchable contributions of $10 or more, OR
>      (c) Achieved at least 5% in one of the following voter preference polls conducted for this election: Siena College Research Institute, The Marist Institute for Public Opinion, Emerson College Polling Center, and Quinnipiac University Polling Institute.

(*see* Updated Schedule for Official Citywide Debates for New York City's 2025 Elections; https://www.nyccfb.info/media/advisories/updated-schedule-for-official-citywide-debates-for-new-york-citys-2025-elections [last accessed June 10, 2025]).

157229/2025   BLAKE, MICHAEL ET AL vs. NEW YORK CITY CAMPAIGN FINANCE BOARD          Page 5 of 9
Motion No.  001

5 of 9

[* 5]

Petitioner further notes that a footnote at the end of the chart outlining eligibility states "All raised and spent amounts as of the disclosure statement due on May 23, 2025" (*id*.). Petitioner argues that the difference in the tenses of "raised and spent" and "raising" indicates that different eligibility deadlines must apply between the first two criteria for eligibility. He further argues that the footnote which specifically states "raised and spent" amounts are subject to a May 23, 2025 deadline, but does not indicate a deadline for the "raising" criteria and thus that deadline cannot be applied to the "matchable contributions" eligibility.

NYC Admin Code § 3-709.5(1)(a) provides that it is the MOU and not other publicly available documents which control the eligibility requirements of the debate. Petitioner correctly points out the lack of clarity provided in the campaign handbook, but the handbook does not contradict the deadline requirements provided in the MOU. However, the MOU does explicitly provide that, to be eligible via the "matchable contributions" threshold, the candidate must have "[r]aised $250,000 in matchable contributions, including at least 1,000 matchable contributions of $10 or more as reflected in the last filing statement prior to the Debate, ***which must be filed by 11:59 p.m. on May 23, 2025***" (NYSCEF Doc No 15 at 31 [emphasis provided]).

While the CFB has a statutory duty to "prepare and make available … compliance manuals and summaries and explanations of the purposes and provisions [of the CFA]" (NYC Admin Code § 3-708(7)(b)), and the somewhat inconsistent language between the public materials and the MOU should be remedied to avoid future disputes, the agency action cannot be said to have been made in violation of lawful procedure, and therefore was not arbitrary and capricious (*see Take Two Outdoor Media LLC v Bd. of Standards and Appeals of City of New York*, 146 AD3d 715 [1st Dept 2017] [inconsistency in agency determinations not arbitrary and capricious]; *see also Matter of MCI Telecom. Corp. v Pub. Serv. Com'n of the State of N.Y.*, 231

**157229/2025   BLAKE, MICHAEL ET AL vs. NEW YORK CITY CAMPAIGN FINANCE BOARD**          **Page 6 of 9**
**Motion No.  001**

6 of 9

AD2d 284, 294 [3d Dept 1997] ["uncertainty [does] not equate with irrationality, abdication of authority or complete deregulation"]).

Because debate eligibility is based, in part, upon a candidate's financial records submitted by specific deadlines for disclosure periods, and because May 23, 2025 is the most recent submission deadline prior to the 2nd debate, it is reasonable for the CFB to use that date as a strict deadline for determining a candidate's eligibility for the debate.

As for petitioner's argument that he should be permitted to submit information which will confirm the addresses of some of the denied donations and thus allow him to reach the required threshold to participate in the 2nd debate, petitioner conflates the submission of matchable contributions for the purpose of debate eligibility, with the submission of matchable contributions for the purpose of receiving a future matching payment of public funds. While the CFB allows a candidate to correct invalid claims for "fund matching" purposes, it does not allow for such corrections to impact debate eligibility, when submitted passed the explicit May 23, 2025 deadline. "Where the interpretation of a statute or its application involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom, the courts regularly defer to the governmental agency charged with the responsibility for administration of the statute" (*Saratoga Economic Dev. Corp. v Authorities Budget Off.*, 222 AD3d 1072, 1074 [3d Dept 2023], *lv to appeal denied*, 41 NY3d 910 [2024]).

Here, the CFB has the authority to determine how to approve and reject submissions for the "matchable funds" program and how to apply those standards towards debate eligibility. It would be improper for the court to substitute its own interpretation in place of the CFB's on how to implement that authority. The CFB has not acted arbitrarily and capriciously in asserting its

**157229/2025   BLAKE, MICHAEL ET AL vs. NEW YORK CITY CAMPAIGN FINANCE BOARD**          **Page 7 of 9**
**Motion No.  001**

7 of 9

[* 7]

authority not to allow candidates to submit corrections that affect a candidate's debate eligibility after May 23, 2025, as there is a rational basis in setting a hard deadline as the sponsor prepares to coordinate the logistics of the debate. "So long as it has a rational basis, we will sustain the determination, even if it would have also been rational for the administrative agency to have reached a different result" (*id*.).

While petitioner also takes issue with the efficacy of the address verification service ("AVS"), here too the court must defer to the authority CFB under the statute. The CFB has been tasked with implementing a system which ensures that only statutorily qualifying donations are eligible for the matching program and consequently for debate eligibility. Considering that the application of this responsibility "involves knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom" deference should be afforded to the CFB for administration of its duties (*Peyton v New York City Bd. of Standards and Appeals*, 36 NY3d 271, 280 [2020]).

Finally, petitioner argues that the statutory language of the CFA requires the CFB to "include financial criteria" up to and including Disclosure Period 10, which runs from May 20, 2025 to June 9, 2025 (*see* Disclosure Deadlines: 2025 Citywide Elections, https://www.nyccfb.info/candidate-services/disclosure-deadlines/2025/ [last accessed June 10, 2025]). However, the statutory language states that "for the *first debate* for a primary … a participating candidate … shall be eligible to participate in such debate if he or she has, by the last filing date prior to such debate [met the statutory requirements]" (NYC Admin Code 3-709.5(5)(b)(i)). As stated above, the statute does not impose the same requirements on the CFB for the second debate criteria. Furthermore, the filing deadline for Disclosure Period 10 is June

157229/2025   BLAKE, MICHAEL ET AL vs. NEW YORK CITY CAMPAIGN FINANCE BOARD          Page 8 of 9
Motion No.  001

[* 8]

8 of 9

13, 2025, a day after the June 12, 2025 debate. Therefore, the CFB's decision to cut off eligibility as of May 23, 2025 is not in violation of law and thus, not arbitrary and capricious.

"[A] mandatory injunction should not be granted, absent extraordinary circumstances, where the status quo would be disturbed and the plaintiff would receive the ultimate relief sought, pendente lite . . . [A petitioner must] satisfy its heavy burden of proving a clear right to mandatory injunctive relief" (*Rosa Hair Stylists v Jaber Food Corp.*, 218 AD2d 793, 794 [2nd Dept 1995]). Petitioner has failed to meet this burden here.

Accordingly, it is

ORDERED that the portion of this hybrid proceeding seeking Article 78 and declaratory relief is denied; and it is further

ORDERED that the respondent is directed to file an answer, or otherwise respond to the to the remaining relief sought within 20 days of this order.

20250610180251PGOETZ721  5B053E32A4291B9ED3A7A753B5028

| 6/10/2025 | | | | | PAUL A. GOETZ, J.S.C. | |
| DATE | | | | | | |

CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157229/2025   BLAKE, MICHAEL ET AL vs. NEW YORK CITY CAMPAIGN FINANCE BOARD**      **Page 9 of 9**
Motion No.  001

9 of 9