| Molina v Tigani |
|:---:|
| 2026 NY Slip Op 30938(U) |
| March 11, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 163661/2025 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. PAUL A. GOETZ**                                 PART                    47

                                              *Justice*

-------------------------------------------------------------------------------X        INDEX NO.                163661/2025

ORLANDO MOLINA,                                                  MOTION DATE             10/16/2025

                                Petitioner,                      MOTION SEQ. NO.             001

                        - v -

AHMED TIGANI, THE NEW YORK CITY DEPARTMENT OF
HOUSING PRESERVATION AND DEVELOPMENT,
VILLAGE EAST TOWERS, INC., MADISON ROSE LOPEZ-        **DECISION + ORDER ON**
MOLINA                                                                  **MOTION**

                                Respondents.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 14, 15, 16, 17, 18,
19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44

were read on this motion to/for                    ARTICLE 78 (BODY OR OFFICER)              .

In this Article 78 proceeding, petitioner moves to vacate an order by respondent New York City Department of Housing Preservation and Development (HPD) granting petitioner's daughter, respondent Madison Rose Lopez-Molina, succession rights to the Mitchell-Lama apartment located at 170 Avenue C, Unit 10B, New York, NY (the apartment); and enjoining respondents from taking any action to enforce HPD's determination. Respondent HPD cross-moves pursuant to CPLR §§ 3211(a)(3), 321l(a)(2) and 7804(f) to dismiss the petition on the grounds that petitioner lacks standing and fails to state a cause of action.

## BACKGROUND

Petitioner and his then-wife, Migdalia Lopez, entered into an occupancy agreement with respondent Village East Towers Inc. (VET) on September 1, 2004 (NYSCEF Doc No 6), and thereafter moved into the apartment with their daughter, who was four years old at the time. The

three of them lived in the apartment together until September 2016, when petitioner and Lopez divorced and petitioner vacated the apartment. Petitioner and Lopez entered into a stipulation of settlement in an action for a divorce dated October 4, 2016 which provided that petitioner "shall have the right to re-occupy the co-op apartment and to have the apartment vacated by [Lopez] upon [her] remarriage" (NYSCEF 7, pp. 6-7). "On March 10, 2025, after learning that [Lopez] had remarried [in 2023], Petitioner served her with a [] Notice" (NYSCEF Doc No 1 [Petition] ¶ 16) "demand[ing] [that she] vacate the apartment and surrender possession to Mr. Molina within fifteen (15) days" (NYSCEF Doc No 8).

Around this time, Lopez-Molina applied for succession rights to the apartment, but there are two versions of the application with conflicting information. Petitioner and Lopez-Molina both refer to an application dated March 18, 2025, in which Lopez-Molina represented that Lopez vacated the apartment on March 20, 2025;[1] the application was approved by VET on May 5, 2025, and by HPD on September 26, 2025 (NYSCEF Doc No 15 [Application A]; *see also* NYSCEF Doc No 19 ¶ 3 [Lopez-Molina stating the application was submitted on April 11, 2025]). HPD, however, asserts that Lopez-Molina submitted an application on March 5, 2026, at which point Lopez had already moved out (NYSCEF Doc No 32 ¶¶ 3-4 [affirmation of HPD portfolio specialist Maggie Joyner]; NYSCEF Doc No 27, p. 24). This application is dated March 23, 2025,[2] and represents that Lopez vacated the apartment on November 17, 2024 (NYSCEF Doc No 27, p. 25 [Application B], *accord* NYSCEF Doc No 28 [letter dated November 17, 2024 in which Lopez relinquishes her rights to the apartment and indicates that Lopez-Molina intends to seek succession rights], *but see* NYSCEF Doc No 37 [letter dated April

---

[1] As petitioner notes, one of these dates must be incorrect, as the application is dated March 18, 2025, yet it states that Lopez vacated two days *after*, on March 20, 2025.

[2] This presents another impossibility; while HPD states that it received Lopez-Molina's application on March 5, 2025, the application itself is dated March 23, 2025.

**163661/2025   MOLINA, ORLANDO vs. TIGANI, AHMED ET AL**                                   **Page 2 of 8**
**Motion No.  001**

2 of 8

[* 2]

11, 2025 in which Lopez states that she "moved out of the apartment on March 20, 2025"]). Application B indicates that it was approved by VET on May 28, 2025 (*id.*). HPD approved the application the same day (Joyner Aff. ¶ 3; *see also*, NYSCEF Doc No 26 [Application B with both approvals]). Joyner states that "[o]n September 26, 2025, [she] again approved the" application (apparently referring to the Application A), and that "HPD's reapproval [] was solely rendered to permit a judicial challenge to the approval of the Application and did not involve further substantive review of the Application" (Joyner Aff. ¶ 5).[3]

Petitioner moved by emergency order to show cause in the matrimonial action, *Lopez v Molina*, Index No 308681/2016 (the matrimonial action), for an order directing Lopez to surrender the premises, execute the necessary documents to transfer title to petitioner, remove her name from the stock certificate associated with the apartment, and accept payment of a buyout by petitioner (NYSCEF Doc No 9). By decision and order dated September 4, 2025, the OSC was granted "only to the extent of finding that [petitioner] has a contractual right to re-occupy the [apartment], pending further ruling from" HPD (NYSCEF Doc No 10). Petitioner thereafter moved into the apartment, joining his daughter.

On September 30, 2025, Lopez-Molina's counsel notified petitioner's counsel of HPD's approval of Lopez-Molina's application for succession rights and demanded that he vacate the apartment (NYSCEF Doc No 11 [also asserting that in the few weeks petitioner had resided in the apartment, he had "undertaken a campaign of harassment against his daughter"]).

Petitioner filed the petition in this proceeding on October 16, 2025, asserting that HPD's determination to grant Lopez-Molina succession rights was: (i) arbitrary and capricious, (ii)

---

[3] HPD suggests that it merely "re-approved" the same application, but it does not address the discrepancies between the two. It is also unclear why, if Application B preceded Application A, VET approved Application A several weeks before it approved Application B.

**163661/2025   MOLINA, ORLANDO vs. TIGANI, AHMED ET AL**
**Motion No.  001**

**Page 3 of 8**

3 of 8

affected by an error of law and contrary to regulation, and (iii) made in violation of lawful procedure and due process (Petition ¶¶ 38-50). The instant emergency order to show cause, filed on the same day, was signed on October 29, 2025; the court ordered that "pending the hearing Petitioner shall not occupy the Apt. except to retrieve belongings w/ 24 Hrs. notice" (NYSCEF Doc No 21). A hearing on the motion was held on December 11, 2025 (*id.*).

**DISCUSSION**

"In the context of an article 78 proceeding, it is established that judicial review is limited to a determination of whether the administrative decision is arbitrary and capricious, or lacks a rational basis" (*Slesinger v Dept. of Hous. Preserv. and Dev. of City of New York*, 39 AD3d 246, 246 [1st Dept 2007]). "[W]here such rational basis exists, an administrative agency's construction and interpretation of its own regulations are entitled to great deference" (*id.*). "[E]ven if the court concludes that it would have reached a different result than the one reached by the agency," so long as the determination is supported by a rational basis, the court must sustain the determination (*Matter of Peckham v Calogero*, 12 NY3d 424 [2009]). "Moreover, judicial review of administrative determinations is confined to the facts and record adduced before the agency" (*Slesinger*, 39 AD3d at 246 [internal quotation marks omitted]). "An agency action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (*Figueroa v New York City Hous. Auth.*, 141 AD3d 468, 469 [1st Dept 2016] [internal quotation marks omitted]). "In reviewing an agency's application of its own regulations, courts must scrutinize administrative rules for genuine reasonableness and rationality in the specific context presented by a case" (*id.* [internal quotation marks omitted]).

Petitioner argues that HPD's grant of succession rights to Lopez-Molina was arbitrary and capricious because: (a) "HPD's central finding that [he] 'permanently vacated' the

Apartment is a legal and factual fiction," as he "was residing in the Apartment pursuant to the September 4, 2025, [order] at the very moment HPD issued its Determination"; (b) petitioner's "court-ordered absence, which explicitly preserved [his] right to re-occupy, is the legal opposite of a voluntary surrender of rights"; and (c) "the determination was based on a fraudulent application," as "[i]t falsely lists [Lopez-Molina] as the tenant of record and contains an impossible timeline [because Lopez-Molina] certified on March 18, 2025, that a permanent vacatur occurred on March 20, 2025, a future event" (NYSCEF Doc No 4, pp. 2-3).

Lopez-Molina opposes on the grounds that entitlement to statutory housing cannot be created by private agreement (NYSCEF Doc No 35, p. 10 [noting this is particularly important in the context of the Mitchell-Lama program, which has succession rules designed to protect tenants from being uprooted from their long-term homes]). Lopez-Molina argues petitioner's absence from the apartment does not fall under any of the "excusable absences" which constitute exceptions to the primary residence requirement[4] because he did not vacate the apartment "pursuant to a court order not involving any terms or provisions of the lease/occupancy agreement" (28 RCNY 3-02[p]), but rather pursuant to a voluntary divorce settlement (*id.*, p. 12). Lopez-Molina further notes that "[t]he Settlement states only that [Lopez] must vacate [in the event that she remarries,] not that Respondent has no right of success" (*id.*, p. 15).

As is relevant to petitioner's motion, in its cross-moving papers, HPD argues that its determination was not arbitrary or capricious, as it made the determination "in compliance with the applicable rules and supported with documentary evidence" which "demonstrated that Lopez-Molina had occupied the Subject Apartment for the two years prior to her mother

---

[4] "Pursuant to 28 RCNY 3-02 (p) (3), to succeed to the leasehold rights of a Mitchell-Lama apartment, one must . . . have resided in the apartment with the former legal tenant for two years immediately prior to the tenant's permanent vacatur of the apartment" (*Alfred v Barrios-Paoli*, 251 AD2d 659, 660 [2nd Dept 1998]).

**163661/2025   MOLINA, ORLANDO vs. TIGANI, AHMED ET AL**
**Motion No.  001**

Page 5 of 8

5 of 8

permanently vacating the Subject Apartment" (NYSCEF Doc No 33, p. 11 ["Documents submitted [] included pay stubs, credit card statements, Registered Voting Record, Tax Returns for 2022 and 2023 and Income Affidavits for 2022 and 2023]). HPD further asserts that "Petitioner's reliance on mistakes in the Application approved by HPD on September 26, 2025 [] is without merit," as "any mistakes [] are scrivener errors and may be corrected" (*id.*, p. 12).

While the timeline of events is unclear for the reasons stated *supra*, ultimately, petitioner has not demonstrated that HPD's grant of succession rights was arbitrary and capricious, affected by an error of law and contrary to regulation, or in violation of lawful procedure and due process. It is undisputed that: Lopez-Molina has resided in the apartment from the age of four to present; Lopez-Molina resided in the apartment continuously with her mother for two years prior to her mother's vacatur, regardless of whether that occurred in November of 2024 or March of 2025; and petitioner had not resided in the apartment for more than eight years at the time Lopez-Molina applied for succession rights, regardless of whether that occurred in March or April of 2025.[5] These facts were conveyed in Lopez-Molina's application and, along with the documents submitted, established her entitlement to succession rights in the apartment (*Matter of Murphy v New York State Div. of Hous. & Community Renewal*, 21 NY3d 649, 653 [2013] [applicants "must demonstrate that they qualify as family members or were otherwise sufficiently interdependent with the tenant-of-record; that the unit at issue was the applicant's primary residence during the two years immediately prior to the tenant's vacatur; and that they were listed as co-occupants on the income affidavits filed for the same two-year period"]). This result aligns with "the spirit of the [Mitchell-Lama] the statutory scheme, whose goal is to facilitate the availability of affordable housing for low-income residents" and to "serve the important remedial

---

[5] Petitioner only resided in the apartment for several weeks following the court's September 4, 2025 order in the matrimonial action.

**163661/2025   MOLINA, ORLANDO vs. TIGANI, AHMED ET AL**                                    **Page 6 of 8**
**Motion No.  001**

[* 6]

purpose of preventing dislocation of long-term residents due to the vacatur of the head of household" (*id.*).

Petitioner's argument that the stipulation of settlement preserved his right to re-occupy the apartment is unavailing. The apartment is subject to a set of regulations under the Mitchell-Lama program, and parties to an occupancy agreement for affordable housing "cannot, by agreement, incorporate terms that compromise the integrity and enforcement of the" affordable housing scheme (*Drucker v Mauro*, 30 AD3d 37, 39 [1st Dept 2006]). Importantly, "HPD is the supervising governmental agency responsible for administering the Mitchell-Lama program in New York City" and is therefore "statutorily required to enforce the Mitchell-Lama Law and regulations regardless of any actions or" stipulations reached by tenants which may provide otherwise (*Matter of Schorr v New York City Dept. of Hous. Preserv. & Dev.*, 10 NY3d 776, 778 [2008]). The stipulation of settlement, if enforced, would require HPD to determine that petitioner is eligible to re-occupy the apartment even though he does not meet the eligibility requirements. Additionally, since petitioner and his daughter are unable to live together, granting petitioner the right to re-occupy the apartment would "subvert a protection afforded by" the Mitchell-Lama program to Lopez-Molina, and therefore the provision of the stipulation allowing such a result "is not merely voidable, but void" (*Drucker*, 30 AD3d at 39).

Accordingly, the petition seeking to vacate HPD's decision granting Lopez-Molina succession rights, and to enjoin respondents form enforcing that decision, will be denied, and the petition dismissed. Consequently, HPD's cross-motion to dismiss the petition will be denied as moot.

## CONCLUSION

Based on the foregoing, it is

163661/2025   MOLINA, ORLANDO vs. TIGANI, AHMED ET AL                                    Page 7 of 8
Motion No.  001

7 of 8

[* 7]

ORDERED that petition brought by OSC (MS #1) is denied and dismissed, with costs

and disbursements to respondents as taxed by the clerk; and it is further

ORDERED that the cross-motion is denied as moot.

20260311165618PGOETZ9B54586BF8A9458D86B779E1D1E02722

| 3/11/2026 | | | | | PAUL A. GOETZ, J.S.C. | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | | |
| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

163661/2025   MOLINA, ORLANDO vs. TIGANI, AHMED ET AL
Motion No.  001

Page 8 of 8

8 of 8

[* 8]